IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 24-30115

DOROTHY NAIRNE, DOCTOR; CLEE E. LOWE, REVEREND; ALICE WASHINGTON, DOCTOR; BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE; LOUISIANA STATE CONFERENCE OF THE NAACP; STEVEN HARRIS, REVEREND,

Plaintiffs-Appellees

v.

NANCY LANDRY, in her official capacity as Secretary of State of Louisiana,

Defendant-Appellant

STATE OF LOUISIANA, by and through Attorney General Elizabeth B. Murrill,

Intervenor-Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

_____

UNITED STATES' MOTION TO BE ADDED TO THE DOCKET AND CASE CAPTION AS INTERVENOR-APPELLEE AND HAVE ITS NOTICES OF APPEARANCE OF COUNSEL ENTERED

_____

The United States of America respectfully requests to be added to the docket and case caption as intervenor-appellee and to have the notices of appearances it submitted to this Court entered in this case. Plaintiffs-appellees consent to this motion. Defendant-appellant Secretary of State of Louisiana and intervenor-

appellant State of Louisiana take no position on the motion. The reasons for this motion are set forth below.

1. This appeal arises from a private suit against Louisiana's Secretary of State, challenging Louisiana's 2022 House of Representatives and State Senate redistricting plans under Section 2 of the Voting Rights Act (VRA). The State of Louisiana and the Presiding Officers of the Louisiana Legislature intervened in the suit. The Secretary, the State, and the Presiding Officers filed a joint Notice of Constitutional Question alongside their Proposed Findings of Fact and Conclusions of Law, as required by Federal Rule of Civil Procedure 5.1(a)(1)(A), stating that they had called into question the constitutionality of Section 2 of the VRA. Doc. 178.[1] They then served the Notice of Constitutional Question on the Attorney General of the United States, as required by Federal Rule of Civil Procedure 5.1(a)(2).

2. In response to the Notice of Constitutional Question, the United States intervened in the district court under 28 U.S.C. 2403(a) to defend the constitutionality of Section 2 of the VRA and address the State's interpretation of the statute. In particular, the United States filed a Notice of Intervention (Doc. 199) and filed a brief on the schedule that the district court had set for post-trial

---

[1] "Doc. __" refers to documents filed in the district court, *Nairne v. Ardoin*, No. 3:22-cv-178 (M.D. La.).

briefing (Doc. 205). The district court subsequently issued its merits determination, from which the Secretary and the State (as defendant and intervenor) appealed. The constitutionality of Section 2 of the VRA remains at issue on appeal.

3. Though the district court docket lists the United States as an "Intervenor," the United States is not currently listed in the case caption or the appellate docket for this appeal. On February 27, 2024, in anticipation of filing a brief as intervenor-appellee and consistent with the United States' participation below, counsel for the United States electronically filed notices of appearance with this Court. Although the notices were submitted, the appearances of counsel were not entered.

4. In seeking to resolve why the United States had not been listed as a party to the appeal despite intervening below, undersigned counsel for the United States asked a staff member to reach out to the clerk's office on February 28, 2024. The clerk's office represented to that staff member that counsel for appellants had not specified the United States as one of the parties to the appeal. The clerk's office represented that before entering the appearance of counsel for the United States, appellants would need to designate the United States as a party to the appeal or the United States would need to file a motion to be added to the appellate docket and have its notices of appearance entered with this Court.

5. Undersigned counsel for the United States then contacted counsel for appellants. Based on their understanding of this Court's docketing practices, counsel for the State declined to submit a letter to the clerk's office confirming that the United States is an appellee in this appeal. When asked for their position on this motion, the State and the Secretary responded that they take no position.

6. The statute under which the United States intervened in this case provides that "[t]he United States shall, subject to the applicable provisions of law, have all the rights of a party . . . to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality." 28 U.S.C. 2403(a). This includes the right to participate as a party in any further proceedings or appeals. *See, e.g.*, *Serna v. Transp. Workers Union of Am. AFL-CIO, Union*, 654 F. App'x 665 (5th Cir. 2016) (per curiam) (deciding appeal in which the United States had intervened under 28 U.S.C. 2403(a) in the district court and in which this Court entered the United States on its docket as an intervenor-appellee and the United States participated as such in the appeal).

WHEREFORE, for the reasons stated herein, the United States respectfully requests that it be added to the docket and case caption as intervenor-appellee and that this Court enter the notices of appearance that counsel for the United States submitted to this Court on February 27, 2024.

        Respectfully submitted,

        KRISTEN CLARKE
         Assistant Attorney General

        s/ Noah B. Bokat-Lindell
        ERIN H. FLYNN
        NOAH B. BOKAT-LINDELL
         Attorneys
         Department of Justice
         Civil Rights Division
         Appellate Section
         Ben Franklin Station
         P.O. Box 14403
         Washington, D.C. 20044-4403
         (202) 598-0243

# CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitation imposed by Federal Rule of Appellate Procedure 27(d)(2)(A) and 32(c)(1) because it contains 756 words, excluding the parts of the notice exempted by Federal Rule of Appellate Procedure 32(f).  This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in Times New Roman 14-point font using Microsoft Word for Microsoft 365.

                                                  s/ Noah B. Bokat-Lindell
                                                  NOAH B. BOKAT-LINDELL
                                                     Attorney

Date:  March 1, 2024