## In the United States Court of Appeals for the Fifth Circuit

DR. DOROTHY NAIRNE, REV. CLEE EARNEST LOWE, DR.
ALICE WASHINGTON, STEVEN HARRIS, BLACK VOTERS
MATTER CAPACITY BUILDING INSTITUTE, AND
LOUISIANA STATE CONFERENCE OF THE NAACP,
*Plaintiffs-Appellees*,

*v.*

NANCY LANDRY, SECRETARY OF STATE,
*Defendant-Appellant*,

*and*

STATE OF LOUISIANA,
*Intervenor-Appellant.*

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:22-cv-00178 (C.J. Shelly D. Dick)

### PLAINTIFFS-APPELLEES' RESPONSE TO APPELLANT'S PETITION FOR INITIAL HEARING EN BANC

Stuart Naifeh
Victoria Wenger
Leah C. Aden
NAACP LEGAL DEFENSE AND
  EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
snaifeh@naacpldf.org
laden@naacpldf.org
vwenger@naacpldf.org

Megan C. Keenan
Sarah Brannon
Adriel I. Cepeda Derieux
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
915 15th St., NW
Washington, DC 20005
(740) 632-0671
mkeenan@aclu.org
sbrannon@aclu.org
acepedaderieux@aclu.org

*Counsel for Plaintiffs-Appellees*
*(continued on inside cover)*

***Additional Counsel for Plaintiffs-Appellees:***

R. Jared Evans
I. Sara Rohani
NAACP LEGAL DEFENSE AND
  EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
jevans@naacpldf.org
srohani@naacpldf.org

Michael de Leeuw
Amanda Giglio
Robert Clark
COZEN O'CONNOR
3 WTC, 175 Greenwich St., 55th
Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

Josephine Bahn
COZEN O'CONNOR
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

John Adcock
ADCOCK LAW LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
Fax: (504) 308-1266
jnadcock@gmail.com

Sophia Lin Lakin
Dayton Campbell-Harris
Ming Cheung
Garrett Muscatel
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbellharris@aclu.org
mcheung@aclu.org
gmuscatel@aclu.org

T. Alora Thomas-Lundborg
Daniel J. Hessel
ELECTION LAW CLINIC
HARVARD LAW SCHOOL
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

Nora Ahmed
Stephanie Willis
ACLU FOUNDATION OF LOUISIANA
1340 Poydras St., Ste. 2160
New Orleans, LA 70112
(504) 522-0628
*nahmed@laaclu.org*
*swillis@laaclu.org*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Rules 27.4 and 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualifications or recusal.

**Appellants**: State of Louisiana, by and through Attorney General Elizabeth B. Murrill, represented by Louisiana's Office of the Attorney General attorney Elizabeth Baker Murrill, Jorge Benjamin Aguinaga, and Morgan Brungard; and Holtzman Vogel Baran Torchinsky & Josefiak PLLC attorneys Jason B. Torchinsky, Edward M. Wenger, Phillip Michael Gordon, and Brennan Bowen. Nancy Landry, in her official capacity as Secretary of State for Louisiana, represented by Shows, Cali & Walsh, LLP attorneys John Carroll Walsh and John Clifton Conine, Jr.; and Nelson Mullins Riley & Scarborough LLP attorneys Phillip Strach, Alyssa Riggins, and Cassie Holt.

**Appellees**: Dr. Dorothy Nairne, Rev. Clee Earnest Lowe, Dr. Alice Washington, Steven Harris, Black Voters Matter Capacity Building Institute, and Louisiana State Conference of the NAACP, represented by

American Civil Liberties Union Foundation attorneys Megan C. Keenan, Sarah Brannon, Sophia Lin Lakin, Dayton Campbell-Harris, Garrett Muscatel, Ming Cheung, and Adriel Cepeda Derieux; Legal Defense Fund attorneys Stuart C. Naifeh, Victoria Wenger, Jared Evans, and I. Sara Rohani; Harvard Law School Election Law Clinic attorneys Tiffany Alora Thomas-Lundborg and Daniel Hessel; ACLU of Louisiana attorneys Nora Ahmed and Stephanie Willis; Cozen O'Connor attorneys Michael de Leeuw, Amanda Giglio, Josephine Bahn, and Robert Clark; and attorneys John Nelson Adcock and Ron Wilson.

**Intervenors**: United States of America, represented by U.S. Department of Justice attorneys Noah Bokat-Lindell and Erin Flynn. Cameron Henry, in his official capacity as President of the Louisiana Senate, and Phillip DeVillier, in his official capacity as Speaker of the Louisiana House of Representative, represented by Baker & Hostetler attorneys Richard Bryan Raile, E. Mark Braden, Patrick T. Lewis, Katherine McKnight, Michael Warren Mengis, Erika Prouty, and Robert J. Tucker.

Date: May 3, 2024

*/s/ Megan C. Keenan*
Megan C. Keenan

*Counsel for Plaintiffs-Appellees*

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ...................................... iii

TABLE OF AUTHORITIES ................................................... vi

INTRODUCTION ............................................................ 1

BACKGROUND .............................................................. 3

ARGUMENT ................................................................ 4

    I.  En Banc Review Is Not Appropriate. ......................................... 4

    II. A Reversal of The Fifth Circuit's Position on Private Right of Action Under Section 2 Will Not Resolve This Matter Because Plaintiffs-Appellees Have Also Pled Claims Under Section 1983 ....................................................... 9

    III. The Fifth Circuit is Correct in Determining There is A Private of Action Available under Section 2 of The Voting Rights Act. ............................................................... 11

CONCLUSION ............................................................. 15

CERTIFICATE OF COMPLIANCE ............................................... 17

CERTIFICATE OF SERVICE .................................................. 20

# TABLE OF AUTHORITIES

**Cases**

*Alabama State Conference of NAACP v. Alabama*,
    949 F.3d 647 (11th Cir. 2020), *vacated as moot*, 141 S. Ct. 2618
    (2021)............................................................................5, 13

*Alexander v. Sandoval*,
    532 U.S. 275 (2001)....................................................11, 12

*Allen v. State Board of Elections*,
    393 U.S. 544 (1969)...........................................................13

*Arkansas State Conference of NAACP v. Arkansas Board of
    Apportionment*,
    86 F.4th 1204 (8th Cir. 2023) ....................................5, 6, 11

*Belk v. Charlotte-Mecklenburg Board of Education*,
    211 F.3d 853 (4th Cir. 2000).................................................8

*City of Mobile v. Bolden*,
    446 U.S. 55 (1980).............................................................13

*Coca v. City of Dodge City*,
    669 F. Supp 3d 1131 (D. Kan. 2023), *motion to certify appeal
    denied*, No. 22-1274, 2023 WL 3948472 (D. Kan. June 12, 2023) .....10

*In re MCP No. 165*,
    20 F.4th 264 (6th Cir. 2021) ................................................9

*League of United Latin American Citizens v. Abbott*,
    No. EP-21-CV-00259, 2021 WL 5762035 (W.D. Tex. Dec. 3,
    2021)...............................................................................13

*Mixon v. Ohio*,
    193 F.3d 389 (6th Cir. 1999).........................................5, 13

*Morse v. Republican Party of Virginia*,
    517 U.S. 186 (1996)......................................................2, 12

*Nairne v. Ardoin,*
No. CV 22-178, 2024 WL 492688 (M.D. La. Feb. 8, 2024) .............. 2, 3

*OCA-Greater Houston v. Texas,*
867 F.3d 604 (5th Cir. 2017) ...................................................... 2, 4, 7

*Robinson v. Ardoin,*
86 F.4th 574 (5th Cir. 2023) ................................................. 2, 4, 5, 7

*Thornburg v. Gingles,*
478 U.S. 30 (1986) .................................................................... 14

*Turtle Mountain Band of Chippewa Indians v. Jaeger,*
No. 3:22-CV-22, 2022 WL 2528256 (D.N.D. July 7, 2022) ................ 10

*United States v. Lopez,*
58 F.4th 1108 (9th Cir. 2023) ...................................................... 6

*Veasey v. Perry,*
29 F. Supp. 3d 896 (S.D. Tex. 2014) ............................................ 13

*Vote.Org. v. Callanen,*
89 F.4th 459 (5th Cir. 2023) ....................................................... 10

**Statutes**

42 U.S.C. § 1983 ....................................................................... 10

52 U.S.C. § 10301(a) .................................................................. 11

52 U.S.C. § 10302 ................................................................... 4, 7

52 U.S.C. § 10302(a) .................................................................. 12

52 U.S.C. § 10310(e) .................................................................. 12

Act of Aug. 6, 1975,
Pub. L. No. 94-73, 89 Stat. 400 .................................................... 13

Act of July 27, 2006,
Pub. L. 109–246, 120 Stat. 577 .................................................... 14

Act of July 27, 2006,
  Pub. L. No. 109-246, 120 Stat. 577....................................13

Act of June 22, 1970,
  Pub. L. No. 91-285, 84 Stat. 314......................................13

Act of June 29, 1982,
  Pub. L. No. 97-205, 96 Stat. 131......................................13

**Rules**

5th Cir. R. 35 I.O.P..................................................1, 4

Fed. R. App. P. 35.......................................................6

Fed. R. App. P. 35(a)(2).................................................2

Fed. R. App. P. 35(b)(1)(B)..............................................6

**Legislative Materials**

H.R. Rep. No. 97-227 (1982).............................................14

S. Rep. No. 97-417 (1982)...............................................14

**Constitutional Provisions**

La. Const. art. III, § 3..................................................3

## INTRODUCTION

Just four months ago, this Court rejected an en banc petition that the State of Louisiana filed in *Robinson v. Ardoin*, No. 22-30333, which teed up the same issue the State raises here. Back then, "no member of the panel or judge in regular active service requested that the court be polled on rehearing en banc." Order on Pet. for Reh'g En Banc at 2, *Robinson v. Ardoin*, No. 22-30333 (5th Cir. Dec. 15, 2023), ECF No. 363-2. The State does not, and cannot, point to any changes in the law or pertinent facts since then that justify the instant application, because nothing has changed. And yet, the State seeks a second bite at the apple on *weaker procedural footing* hoping for a different result. None is warranted.

The State does not come close to showing that this case is proper for initial hearing en banc. En banc review is warranted when necessary to secure or maintain the uniformity of the Court's decisions by correcting "direct[] conflicts" with prior Supreme Court or Fifth Circuit precedent, or where there is an "error of exceptional public importance." 5th Cir. R. 35 I.O.P. Neither circumstance is present.

First, as the district court emphasized, "the Fifth Circuit has already addressed this issue" and concluded that the VRA confers a private right of action. *Nairne v. Ardoin*, No. CV 22-178, 2024 WL 492688, at *8 (M.D. La. Feb. 8, 2024) (citing *Robinson v. Ardoin*, 86 F.4th 574, 587 (5th Cir. 2023)). As this Court explained in *Robinson*, the private right of action is consistent with the Supreme Court's decision in *Morse v. Republican Party of Virginia*, 517 U.S. 186 (1996), and this Court's precedent in *OCA-Greater Houston v. Texas*, 867 F.3d 604 (5th Cir. 2017). *Robinson*, 86 F.4th at 588. Granting initial hearing en banc would upend the uniformity of this Court's decisions, not secure or maintain it. Second, the argument the State urges—that Section 2 is not enforceable by private plaintiffs—is meritless and contrary to decades of precedent.

The State's petition for initial en banc review should be denied.[1]

---

[1] Appellants styled their submission as a Petition for Initial Hearing En Banc (previously ECF No. 125) and filed it under Federal Rule of Appellate Procedure 35(a)(2). Pet. i, iii. Under Circuit Court Rule 35.3, "[n]o response to a petition for en banc consideration will be received unless requested by the court." On April 24, 2024, however, this Court designated appellants' filing as a "motion" (currently ECF No. 125-1). The United States contacted the Clerk's Office the same day, which confirmed that the usual procedures and ten-day response deadline for motions applied. Accordingly, Plaintiffs-Appellees now file this response to the State's petition.

## BACKGROUND

Following the 2020 Census, Louisiana was required to reapportion its 39 State Senate districts and 105 State House districts. La. Const. art. III, § 3. Like every state in the Nation, Louisiana was subject to Section 2 of the Voting Rights Act of 1965 ("VRA") in this effort. But, despite the significant growth of Louisiana's Black population and persistently extreme racial polarization in voting, the Louisiana Legislature adopted redistricting plans that provided for only 11 majority-Black Senate districts and 29 majority-Black House districts. In so doing, the Legislature ignored alternative maps that would have satisfied the VRA and traditional redistricting principles.

Plaintiffs-Appellees commenced this action immediately after the Legislature adopted its redistricting plans, claiming that those plans violated Section 2 of the VRA. Following a seven-day bench trial, the district court concluded that "the Louisiana State House and Senate electoral maps enacted by the Louisiana Legislature (S.B. 1 and H.B. 14) violate § 2 of the VRA." *Nairne*, 2024 WL 492688, at *1.

As the court noted below, just four months ago in *Robinson v. Ardoin*, the Fifth Circuit held that private parties can bring Section 2

cases, holding that Section 2 "provides that proceedings to enforce voting guarantees in any state or political subdivision can be brought by the Attorney General or by an 'aggrieved person'" and that the private plaintiffs at issue—individual voters and civil rights organizations— were "aggrieved persons" who could seek to enforce Section 2. 86 F.4th at 588 (holding that private parties can bring Section 2 cases, relying on *OCA-Greater Houston*, 867 F.3d 604); 52 U.S.C. § 10302. And in response to another request for en banc review of this issue, this Court declined to revisit that decision. Order on Pet. for Reh'g En Banc, *Robinson v. Ardoin*, No. 22-30333 (5th Cir. Dec. 15, 2023), ECF No. 363-2.

## ARGUMENT

### I. En Banc Review Is Not Appropriate.

En banc review is warranted only when needed to secure or maintain the uniformity of the Court's decisions by correcting "direct[] conflicts" with prior Supreme Court or Fifth Circuit precedent, or where there is an "error of exceptional public importance." 5th Cir. R. 35 I.O.P. No such circumstance is present here, and the State's application should be denied.

The State argues that initial en banc review is warranted because the district court's decision creates a conflict with "the authoritative

decisions of other United States Courts of Appeals." Br. 5; *see Ark. State Conf. of NAACP v. Ark. Bd. of Apportionment*, 86 F.4th 1204 (8th Cir. 2023). It does no such thing.

The "authoritative" ruling the State relies on is an outlier Eighth-Circuit ruling that conflicts with *every other circuit* to consider this issue (including this Court), all of which have found that a private right of action exists under Section 2 of the Voting Rights Act. *See Robinson*, 86 F.4th at 588 ("We conclude that the Plaintiffs here are aggrieved persons, that our *OCA-Houston* decision has already held that sovereign immunity has been waived, and that there is a right for these Plaintiffs to bring these claims."); *see also Ala. State Conf. of NAACP v. Alabama*, 949 F.3d 647, 652 (11th Cir. 2020), *vacated as moot*, 141 S. Ct. 2618 (2021); *Mixon v. Ohio*, 193 F.3d 389, 398–99 (6th Cir. 1999).

The only "authoritative" decision is this Court's, which postdates the Eight Circuit's decision. *Robinson*, 86 F.4th at 588. Further, contrary to the State's argument that initial en banc review in their favor would "eliminate the circuit split," Br. 6, a ruling in the State's favor would deepen the split the Eighth Circuit's ruling's created. Fed. R. App. P.

35(b)(1)(B); *see Ark. State Conf. of NAACP*, 86 F.4th 1204.[2] As the circuit split will persist regardless of how this Court rules, en banc or otherwise, the existence of that circuit split cannot justify en banc review. *See, e.g.*, *United States v. Lopez*, 58 F.4th 1108, 1109 (9th Cir. 2023) (statement of Nelson, J.) ("A circuit split will exist whether this court changes its position, meaning we cannot satisfy 'the overriding need for national uniformity' that often justifies en banc review.") (citation omitted); *see also* Fed. R. App. P. 35, Advisory Committee Notes On Rules–1998 Amendment ("It is not, however, the Committee's intent to make the granting of a hearing or rehearing en banc mandatory whenever there is an intercircuit conflict.").

The State also contends that the private right of action issue is "destined for the full Court," Br. 4, but its attempt at reading tea leaves ignores reality. As this Court is aware, the Court declined the State's

---

[2] It is not even clear if the current circuit split on this issue will remain. A subsequent petition for certiorari to the Supreme Court from the Eighth Circuit's opinion remains possible. Supreme Ct. Letter Re: Appl. No. 23A929, *Ark. State Conf. of NAACP v. Ark. Bd. of Apportionment*, No. 22-1395 (8th Cir. Apr 17, 2024), ECF No. 804984378 (granted by Justice Kavanaugh extending the time to file until June 28, 2024).

invitation to grant en banc review *on this exact question* just four months ago. Order on Pet. for Reh'g En Banc, *Robinson v. Ardoin*, No. 22-30333 (5th Cir. Dec. 15, 2023), ECF No. 363-2. Specifically, this Court held that Section 2 provides a private right of action because the statute "provides that proceedings to enforce voting guarantees . . . can be brought by the Attorney General or by an '*aggrieved person*,'" and the private plaintiffs at issue—there, *as here*, individual voters and civil rights organizations— constituted "aggrieved persons." *Robinson*, 86 F.4th at 588 (quoting 52 U.S.C. § 10302) (emphasis added); *see also OCA-Greater Houston*, 867 F.3d at 614. And this Court swiftly declined to revisit that decision *en banc* when confronted with the same arguments the State raises again here. Order on Pet. for Reh'g En Banc, *Robinson v. Ardoin*, No. 22-30333 (5th Cir. Dec. 15, 2023), ECF No. 363-2.

To distinguish this case—which presents the same legal questions it raised in December—the State argues that this case lacks election-compelled exigency. Again, not so. The district court found that the maps governing the Louisiana legislature's election violated Section 2 of the Voting Rights Act. Any delay to the remedies called for by the district court's decision—including, but not limited to, a special election under

maps that are not violative of Section 2 of the Voting Rights Act—offends Plaintiffs-Appellees' fundamental rights to vote and to a representative government. Each day that these unlawful maps are in place is harmful to Plaintiffs-Appellees, and expedient consideration of the instant appeal is necessary to secure Plaintiffs-Appellees' fundamental rights to vote.

The State's arguments that initial en banc review promotes judicial efficiency are unsupported. First, the State's argument rests on the lofty presumption that their outlier position—which this Court already rejected—will somehow prevail despite no identified changes in law or distinctions of fact.

Second, and perhaps more importantly, the State ignores that an initial en banc proceeding provides "no guarantee of a brief or clean resolution of all the issues in a case," and introduces a potential for delay that is "magnified when there has been no prior panel consideration of a case." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 211 F.3d 853, 854–55 (4th Cir. 2000) (Wilkinson, C.J., concurring in the denial of an initial hearing en banc) ("Just as at the Supreme Court level, a court of nine or more (in our case eleven) has the potential for producing splintered decisions. That potential is magnified when there has been no prior panel

consideration of a case. Hearing the case for the first time en banc would be like the Supreme Court bypassing the winnowing function of the court of appeals, which it routinely refuses to do.").

Indeed, "[c]ourts have repeatedly recognized that en banc hearing is an inefficient process" that leads to a "potential for delay" that is "magnified when there has been no prior panel consideration of a case." *In re MCP No. 165*, 20 F.4th 264, 267 (6th Cir. 2021) (Moore, C.J., concurring in the denial of initial hearing en banc) (citations omitted).[3]

## II. A Reversal of The Fifth Circuit's Position on Private Right of Action Under Section 2 Will Not Resolve This Matter Because Plaintiffs-Appellees Have Also Pled Claims Under Section 1983.

Even if this Court had not already definitively ruled that Section 2 confers a private right of action (it has), resolution of that issue in favor of the State would not be dispositive, as Plaintiffs-Appellees also asserted

---

[3] The State raises "the risk of wasted time and resources" from briefing additional issues before the panel. Br. 4–5. The State appears to envision a convoluted, multi-stage appellate process before this Court, involving initial hearing en banc solely on the issue of whether Section 2 of the VRA confers a private right of action on aggrieved persons (it does), followed by remand to a panel for consideration of all other issues. The State would then presumably have the option to seek a second bite at the en banc apple. Such a procedural morass would act to permanently deprive Plaintiffs-Appellees of at least one form of relief sought—a timely special election under maps that are not violative of Section 2 of the Voting Rights Act.

claims under 42 U.S.C. § 1983. *See* Am. Compl., *Nairne v. Ardoin*, No. 3:22-cv-000178 (M.D. La. April 4, 2022), ECF. No. 14.

Section 1983 confers a private right of action for violations of rights secured by federal statutes like the Voting Rights Act. The State asserts otherwise but cites no precedent to support those assertions. Br. 9 n.3. Courts that have addressed this issue, including this Court, have concluded that it is appropriate for parties to invoke § 1983 to enforce rights under the Voting Rights Act, including rights under Section 2. *See* 42 U.S.C. § 1983; *Vote.Org. v. Callanen*, 89 F.4th 459, 473 (5th Cir. 2023) (holding that § 1983 can be used to enforce the voting rights provisions of the Civil Rights Act of 1964, despite absence of express right of action); *Coca v. City of Dodge City*, 669 F. Supp 3d 1131, 1140–1142 (D. Kan. 2023), *motion to certify appeal denied*, No. 22-1274, 2023 WL 3948472 (D. Kan. June 12, 2023) (holding in a Section 2 Voting Rights Act case that "Plaintiffs may alternatively assert a Section 2 claim under § 1983"); *Turtle Mountain Band of Chippewa Indians v. Jaeger*, No. 3:22-CV-22, 2022 WL 2528256, at *3 (D.N.D. July 7, 2022) (holding that it was not necessary to resolve whether Section 2 contains a private of action

because "§ 1983 provides a private remedy for violations of Section 2 of the VRA").

Notably, the recent, outlier decision from the Eighth Circuit did not include claims under § 1983, so that issue was not before the Court and distinguishes these cases. *See Ark. State Conf. of NAACP*, 86 F.4th at 1213, 1218.

As a ruling on this issue would not be dispositive, initial en banc review on this question would only delay resolution of the matters before this Court, and the State's request should be denied.

## III. The Fifth Circuit is Correct in Determining There is A Private of Action Available under Section 2 of The Voting Rights Act.

The *Robinson* panel's decision and this Court's previous ruling are consistent with the text of the VRA and congressional intent. They also track decades of Supreme Court precedent entertaining Section 2 cases brought by private litigants.

*First*, the VRA's text confirms the availability of a private cause of action to enforce Section 2, under the Supreme Court's framework in *Alexander v. Sandoval*, 532 U.S. 275 (2001). Section 2's protection of the "right of any citizen . . . to vote" free from racial discrimination, 52 U.S.C.

§ 10301(a), shows Congress's intent to create a private right: it explicitly mentions a "right" and focuses on the individuals protected. *See Sandoval*, 532 U.S. at 286. And Sections 3 and 14 of the VRA demonstrate the statute's "intent to create not just a private right but also a private remedy" for the prohibitions on racial discrimination contained in Section 2. *Id.* Section 3 provides broadly for relief in a "proceeding" brought by "the Attorney General *or an aggrieved person* . . . under *any statute* to enforce the voting guarantees of the fourteenth or fifteenth amendment." 52 U.S.C. § 10302(a) (emphasis added). Section 14(e) allows for "the prevailing party, *other than the United States*" to seek attorneys' fees "[i]n any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment." 52 U.S.C. § 10310(e). Taken together, the statutory text makes clear the intent of Congress to confer on aggrieved persons—*i.e.*, private plaintiffs—the right to enforce the Act. *See Morse*, 517 U.S. at 233 (plurality opinion) (concluding that Sections 3 and 14 recognize private rights of action under the VRA).

*Second,* there are decades of consistent rulings by the Supreme Court, and, until the *Arkansas State Conference* case, by every court of appeals and district court to address the issue. *See, e.g., Morse*, 517 U.S.

at 232 (plurality opinion) (holding the VRA confers private rights of action to enforce Sections 2, 5, and 10); *Allen v. State Bd. of Elections*, 393 U.S. 544 (1969) (holding that Section 5 confers a private right of action); *Ala. State Conf. of NAACP*, 949 F.3d at 652 ("The language of § 2 and § 3, read together . . . provides remedies to private parties to address violations under the statute."); *Mixon*, 193 F.3d at 398–99 (same); *League of United Latin Am. Citizens v. Abbott*, No. EP-21-CV-00259, 2021 WL 5762035, at *1 (W.D. Tex. Dec. 3, 2021) (three-judge court) (holding that there is a private cause of action to enforce Section 2); *Veasey v. Perry*, 29 F. Supp. 3d 896, 905–07 (S.D. Tex. 2014) (same).

*Third*, Congress has ratified these rulings by repeatedly reenacting the VRA. Congress has amended the VRA in 1970, 1975, 1982, and 2006. *See* Act of June 22, 1970, Pub. L. No. 91-285, 84 Stat. 314; Act of Aug. 6, 1975, Pub. L. No. 94-73, 89 Stat. 400; Act of June 29, 1982, Pub. L. No. 97-205, 96 Stat. 131; Act of July 27, 2006, Pub. L. No. 109-246, 120 Stat. 577. In amending the VRA in 1982, following the uproar over the Supreme Court's interpretation of Section 2 to reach only intentional discrimination in *City of Mobile v. Bolden*, 446 U.S. 55 (1980)—a case brought by individual voters—Congress made no change suggesting

*Bolden* was wrong in allowing private enforcement of Section 2. *Accord Thornburg v. Gingles*, 478 U.S. 30 (1986) (interpreting the 1982 amendments to Section 2 in an action brought by private plaintiffs). After the Court affirmed the existence of a private right of action under Section 2 in *Morse*, Congress again reauthorized and amended the VRA and again took no action to deprive private litigants of the ability to pursue Section 2 claims. *See* Act of July 27, 2006, Pub. L. 109–246, 120 Stat. 577.

*Fourth,* legislative history confirms that Congressional ratification of long-recognized private rights of action under Section 2 was no accident. The Supreme Court recognizes the Senate Report adopted with the 1982 amendment to the VRA as the "authoritative source for legislative intent" about Section 2. *Gingles*, 478 U.S. at 43 n.7. There, Congress clearly stated its intent that citizens have a private cause of action to enforce these rights. S. Rep. No. 97-417, at 30 (1982) (The Senate VRA Committee "reiterate[d] the existence of the private right of action under Section 2, as has been clearly intended by Congress since 1965."); *see also* H.R. Rep. No. 97-227, at 32 (1982) ("It is intended that citizens have a private cause of action to enforce their rights under Section 2.").

## CONCLUSION

The State's petition for an initial en banc hearing should be denied.

Date: May 3, 2024

Respectfully submitted,

*/s/ Megan C. Keenan*

Leah Aden
Stuart Naifeh
Victoria Wenger
NAACP Legal Defense &
Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

Megan C. Keenan
Sarah Brannon*
Adriel I. Cepeda-Derieux
American Civil Liberties Union
Foundation
915 15th St. NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org
acepedaderieux@aclu.org

R. Jared Evans
I. Sara Rohani
NAACP Legal Defense &
Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
jevans@naacpldf.org
srohani@naacpldf.org

Sophia Lin Lakin
Dayton Campbell-Harris*
Ming Cheung
Garrett Muscatel
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org
mcheung@aclu.org
gmuscatel@aclu.org

John Adcock
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
jnadcock@gmail.com

Michael de Leeuw

T. Alora Thomas-Lundborg
Daniel J. Hessel
Election Law Clinic
Harvard Law School

Amanda Giglio
Robert Clark
Cozen O'Connor
3 WTC, 175 Greenwich St., 55th
Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

Josephine Bahn
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

Nora Ahmed
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
cabral2@aol.com

*Practice is limited to federal
court.*

Counsel for Plaintiffs-Appellees

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fifth Circuit Rule 32.3(c), undersigned counsel certifies the following:

1. This motion complies with the type-volume limit of Fifth Circuit Rule 32.2 and Federal Rules of Appellate Procedure 27 and 32. Excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this opposition contains 3,103 words printed in a proportionally spaced typeface.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief is printed in a proportionally spaced, serif typeface, using Century Schoolbook 14-point font in text produced by Microsoft Word software.

Date: May 3, 2024

Respectfully submitted,

Leah Aden
Stuart Naifeh
Victoria Wenger
NAACP Legal Defense &
Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

R. Jared Evans
I. Sara Rohani
NAACP Legal Defense &
Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
jevans@naacpldf.org
srohani@naacpldf.org

John Adcock
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
jnadcock@gmail.com

Michael de Leeuw
Amanda Giglio
Robert Clark
Cozen O'Connor
3 WTC, 175 Greenwich St., 55th
Floor
New York, NY 10007

*/s/ Megan C. Keenan*
Megan C. Keenan
Sarah Brannon*
Adriel I. Cepeda-Derieux
American Civil Liberties Union
Foundation
915 15th St. NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org
acepedaderieux@aclu.org

Sophia Lin Lakin
Dayton Campbell-Harris*
Ming Cheung
Garrett Muscatel
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org
mcheung@aclu.org
gmuscatel@aclu.org

T. Alora Thomas-Lundborg
Daniel J. Hessel
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

Nora Ahmed

MdeLeeuw@cozen.com
AGiglio@cozen.com

Josephine Bahn
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
cabral2@aol.com

*Practice is limited to federal court.*

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 3, 2024, a true and correct copy of the foregoing was filed via the Court's CM/ECF system and served via electronic filing upon all counsel of record in this case.

Date: May 3, 2024

Respectfully submitted,

/s/ Megan C. Keenan

Leah Aden
Stuart Naifeh
Victoria Wenger
NAACP Legal Defense &
Educational Fund
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

R. Jared Evans
I. Sara Rohani
NAACP Legal Defense &
Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
jevans@naacpldf.org
srohani@naacpldf.org

John Adcock
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119

Megan C. Keenan
Sarah Brannon*
American Civil Liberties Union
Foundation
915 15th St. NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Sophia Lin Lakin
Dayton Campbell-Harris*
Garrett Muscatel
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org
gmuscatel@aclu.org

T. Alora Thomas-Lundborg
Daniel J. Hessel
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105

jnadcock@gmail.com

Michael de Leeuw
Amanda Giglio
Robert Clark
Cozen O'Connor
3 WTC, 175 Greenwich St., 55th
Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

Josephine Bahn
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

Cambridge, MA 02138
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

Nora Ahmed
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
cabral2@aol.com

*Practice is limited to federal court.*

Counsel for Plaintiffs-Appellees