No. 24-30115

# In the United States Court of Appeals for the Fifth Circuit

DOROTHY NAIRNE, DOCTOR; CLEE E. LOWE, REVEREND; ALICE WASHINGTON, DOCTOR; BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE; LOUISIANA STATE CONFERENCE OF THE NAACP; STEVEN HARRIS, REVEREND,

*Plaintiffs-Appellees*

v.

NANCY LANDRY, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE OF LOUISIANA,

*Defendant-Appellant*

STATE OF LOUISIANA, BY AND THROUGH ATTORNEY GENERAL ELIZABETH B. MURRILL; PHILLIP DEVILLIER, IN HIS OFFICIAL CAPACITY AS SPEAKER OF THE LOUISIANA HOUSE OF REPRESENTATIVE; CAMERON HENRY, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE LOUISIANA SENATE,

*Intervenors-Appellants*

v.

UNITED STATES OF AMERICA,

*Intervenor-Appellee*

————————

On Appeal from the United States District Court
for the Middle District of Louisiana, No. 3:22-CV-178

————————

## MOTION FOR IMMEDIATE CIRCULATION OF THE PETITION FOR INITIAL HEARING EN BANC AND TO HOLD BRIEFING SCHEDULE IN ABEYANCE

————————

ELIZABETH B. MURRILL
Attorney General of Louisiana

OFFICE OF THE ATTORNEY
GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746

*(Additional counsel listed in signature block)*

J. BENJAMIN AGUIÑAGA
Solicitor General
AguinagaB@ag.louisiana.gov

MORGAN BRUNGARD
KELSEY SMITH
Deputy Solicitors General

AUTUMN HAMIT PATTERSON
Special Ass't Solicitor General
*Counsel for the State of Louisiana*

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required here because, under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellants—as "governmental" parties—need not furnish a certificate of interested persons.

Pursuant to Federal Rules of Appellate Procedure 27 and 35, the State of Louisiana, Louisiana Secretary of State Nancy Landry, Louisiana Senate President Cameron Henry, and Speaker of the Louisiana House of Representatives Phillip DeVillier (together, "Appellants") respectfully move the Court to (a) immediately circulate their Petition for Initial Hearing En Banc, ECF No. 125 ("En Banc Pet.")—which is now fully briefed, *see* Opp. of United States, ECF No. 132 ("U.S. Opp."); Opp. of Plaintiffs-Appellees, ECF No. 134 ("Pls.' Opp.")—to the full Court, and (b) hold the current briefing schedule in abeyance pending the Court's disposition of the Petition. Plaintiffs-Appellees and the United States oppose this motion.[1]

---

[1] Opening briefs for Appellants are currently due on May 23, 2024. This deadline resulted from an opposed motion by Appellant Nancy Landry for an extension of 60 days, which was granted in part with a 30-day extension. *See* ECF No. 120-2. Subsequently, the remaining Appellants filed an unopposed Level 1 Extension request, which the Court granted, making all opening briefs due May 23. ECF Nos. 123, 124. The Petition was not filed until after these events, and the extension motions did not address the grounds for holding briefing in abeyance that are now presented in light of the fully briefed Petition.

**A.    Appellants' Petition for Initial Hearing En Banc Is Fully Briefed.**

On April 23, 2024, Appellants filed their Petition for Initial Hearing En Banc, which asks the full Court to answer a question on which this Court's decision in *Robinson v. Ardoin*, 86 F.4th 574 (5th Cir. 2023), directly splits with the Eighth Circuit's subsequent decision in *Arkansas State Conference NAACP v. Arkansas Board of Apportionment*, 86 F.4th 1204 (8th Cir. 2023): "[w]hether Section 2 of the Voting Rights Act contains an implied private right of action." Pet. iv.

The Petition explains that, among other things, initial hearing en banc on this extraordinarily important question will further judicial economy because (a) any panel-stage briefing and decision on this question will be futile under binding Fifth Circuit precedent, and (b) if the full Court holds that no implied private right of action exists, that will end this appeal and save the parties and a three-judge panel from confronting the complicated Section 2 merits issues.

Notably, both the United States and Plaintiffs have since filed Oppositions that do not seriously dispute the en banc worthiness of the

question presented.[2] They admit that a circuit split exists on the question

presented, U.S. Opp. at 8; Pls.' Opp. at 5, but they try to diminish its

importance—to no avail.

For example, they emphasize that this Court denied rehearing en

banc in *Robinson* itself, suggesting that the denial itself reflected the full

Court's views on whether Section 2 contains an implied right of action.

U.S. Opp. at 8; Pls.' Opp. at 6–7. That is misdirection by Plaintiffs whose

counsel—the same counsel in *Robinson*—led their *Robinson* en banc

opposition with a different argument: that the State defendants "have

obtained the relief they sought before the panel." *Robinson* Opp. at 6, No.

22-30333, ECF No. 361; *id.* at 1 ("There is no further relief that the en

banc court could provide at this juncture."). As the State explained here,

that is one of the "procedural complications arising from the litigation

posture in *Robinson*, which made it a poor vehicle for en banc review."

En Banc Pet. at 6–7. The United States calls this "speculat[ion]," U.S.

---

[2] Although Federal Rule of Appellate Procedure 35(c) governs Appellants' Petition and Rule 35(e) prohibits the filing of a response absent the Court's request for a response, Appellants understand that the Clerk's Office advised the United States to follow Rule 27 instead since the Clerk's Office re-styled the Petition as a "motion" when docketing it. *See* U.S. Opp. at 1 n.1; Pls.' Opp. at 2 n.1; *cf.* Fed. R. App. P. 35(e) (referring to an initial en banc "petition").

Opp. at 8—but the procedural weaknesses in *Robinson* are an undisputable fact, just as the fact that no comparable procedural difficulties exist here is undisputable.

Plaintiffs also try to wish away the circuit-split problem on grounds not even the United States suggests. For instance, Plaintiffs say that the full Court's resolution of the question presented in Appellants' favor would only "deepen the split the Eighth Circuit's ruling's [sic] created." Pls.' Opp. at 5. Their citations of cases supposedly going the other way? A vacated Eleventh Circuit decision and a 1999 Sixth Circuit decision about the abrogation of sovereign immunity in Section 2. *See id.* Because the only existing split is between this Court and the Eighth Circuit, this Court's en banc decision in Appellants' favor would resolve the split.

Plaintiffs likewise footnote a suggestion that the Supreme Court could review the Eighth Circuit's decision because a cert petition "remains possible." Pls.' Opp. at 6 n.2. That hedge is surprising because the attorney who recently sought (and received) an extension of time to file a cert petition is counsel for Plaintiffs here. *See id.* (citing counsel's letter). That Plaintiffs' Opposition did not just tell this Court whether a cert petition is coming in a month is thus puzzling. In all events,

guesswork about how the Supreme Court will treat a cert petition that may never be filed is no basis to deny this Petition, which is pending *today* before this Court and raises an issue plainly meriting en banc review. Indeed, this Court's en banc decision, either way on the merits, would be a significant service to the Supreme Court because it would provide more fulsome treatment of the question presented than the *Robinson* decision provides.

Finally, the United States and Plaintiffs briefly suggest that perhaps the existing circuit split does not mean anything at all because Plaintiffs might be able to enforce Section 2 through the general cause of action in 42 U.S.C. § 1983. U.S. Opp. at 8–9; Pls.' Opp. at 9–11. But neither Plaintiffs nor the United States briefed that argument below, the district court never mentioned Section 1983, and thus it seems unlikely that the issue is even adequately preserved. Moreover, no federal court of appeals has yet decided the issue. And in all events, as Appellants explained, a ruling in their favor on the implied-right-of-action issue would likely answer the Section 1983 question as well. En Banc Pet. at 9 n.3. The reality is Appellants lost on the implied-right-of-action issue— the threshold dispositive issue in this appeal and on which a circuit split

undisputedly exists. The other parties' hand-waving about other issues does not somehow insulate the district court's actual (and wrong) holding from en banc review.

In short, all parties have joined issue on the en banc worthiness of whether Section 2 contains an implied right of action.

**B.    The Petition and Oppositions Should Be Circulated to the Full Court and the Briefing Schedule Should Be Held in Abeyance.**

Absent the relief requested in this Motion, however, the full Court will not see the Petition and the Oppositions until after voluminous (and likely unnecessary) merits briefing occurs at the panel stage. That is because, on April 24, 2024, the Clerk's Office notified counsel for the State that the Petition "will be submitted to the court along with the merits of the appeal when briefing is complete." ECF No. 125-2. But Rule 35(c) does not require that delay. *See* Fed. R. App. P. 35(c) (stating only that an initial en banc petition "must be filed by the date when the appellee's brief is due," a deadline plainly met here). And respectfully, there are at least three good reasons why the Petition should be circulated to the full Court now (and the current briefing schedule should be held in abeyance pending the disposition of the Petition).

*First*, that is the route this Court and others have taken before. For example, in *Hamilton v. Dallas County*, No. 21-10133 (5th Cir.), the appellants filed both (a) a petition for initial hearing en banc and (b) an opposed motion to suspend the briefing schedule a few days after the Court set a briefing schedule. ECF Nos. 16, 17. This Court granted the "opposed motion to suspend the briefing notice pending disposition of the[] motion for hearing en banc." ECF No. 24-2. A month later, the Court resolved the petition, ECF No. 26-2, and set a new panel briefing schedule, ECF No. 27.

This Court's sister circuits routinely take the same approach. *See, e.g.*, Order, *Brandt v. Griffin*, No. 23-2681 (8th Cir. Sept. 8, 2023) (granting motion to hold panel briefing schedule in abeyance pending disposition of initial en banc petition filed before briefing commenced, where the Court ultimately granted the petition); Order at 2, *National Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs*, No. 20-1321 (Fed. Cir. Feb. 14, 2020) (granting motion to stay "the briefing schedule … pending the court's disposition of NOVA's petition for [initial] hearing en banc," where the Court ultimately granted the petition); Order,

*Townsend v. United States*, No. 19-5259 (D.C. Cir. Feb. 10, 2021) (suspending briefing notice in light of initial en banc petition).

Thus, although initial en banc petitions are rare, this mechanism for processing such petitions—a stay of the briefing schedule pending circulation and disposition of the petition—is common. Accordingly, Appellants request that the Court take the same approach.

*Second*, this approach makes especially good sense here given that—despite Rule 35, *see supra* n.1—the Petition is fully briefed, with Oppositions from both the United States and Plaintiffs. As a result, the Petition is ripe for decision, and circulating the Petition and Oppositions to the full Court will not result in any delay due to otherwise-ordinary need for response briefing.

*Third*, as explained in the Petition, En Banc Pet. at 3–5, Appellants took the rare step of seeking initial hearing en banc for the express purpose of conserving the Court's and the parties' time and resources. In particular, initial en banc review would prevent burdensome panel-stage briefing and decision-making that is unnecessary (on Appellants' view) because Plaintiffs lack an implied private right of action to begin with—and that is a question only the full Court can answer. This efficiency goal

8

cannot be achieved, however, if the full Court does not learn about the Petition until the close of panel-stage briefing. For that additional reason, therefore, immediate circulation of the Petition and the Oppositions, along with a stay of the current briefing schedule, is in order.

*    *    *

Appellants respectfully request that the Court (a) order the immediate circulation of the Petition and the Oppositions to the full Court, and (b) hold the current briefing schedule in abeyance pending the Court's disposition of the Petition.

Date: May 15, 2024

Respectfully submitted,

*/s/ Richard B. Raile*
RICHARD B. RAILE
KATHERINE L. MCKNIGHT
E. MARK BRADEN
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 861-1711
rraile@bakerlaw.com

MICHAEL W. MENGIS
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, TX 77002

PATRICK T. LEWIS
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114

ROBERT J. TUCKER
ERIKA DACKIN PROUTY
BAKER & HOSTETLER LLP
200 Civic Center Dr., Suite 1200
Columbus, OH 43215

*Counsel for Phillip DeVillier and Cameron Henry*

*/s/ J. Benjamin Aguiñaga*
ELIZABETH B. MURRILL
Attorney General of Louisiana

J. BENJAMIN AGUIÑAGA
Solicitor General

MORGAN BRUNGARD
KELSEY SMITH
Deputy Solicitors General

AUTUMN HAMIT PATTERSON
Special Ass't Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

*Counsel for the State of Louisiana*

*/s/ Phillip J. Strach*
PHILLIP J. STRACH
ALYSSA M. RIGGINS
CASSIE A. HOLT
NELSON MULLINS RILEY
& SCARBOROUGH LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
(919) 329-3800
phillip.strach@nelsonmullins.com

JOHN C. WALSH
JOHN C. CONINE, JR.
SHOWS, CALI & WALSH, L.L.P.
628 St. Louis St.
P.O. Box 4225
Baton Rouge, LA 70821

*Counsel for the Secretary of State*

## CERTIFICATE OF SERVICE

I certify that on May 15, 2024, I filed the foregoing with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this motion complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,783 words, excluding the parts of the brief exempted by Rule 32(f); and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016 (the same program used to calculate the word count).

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

Date: May 15, 2024

13