# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
May 15, 2024
Lyle W. Cayce
Clerk

No. 24-30115

---

Dorothy Nairne, *Doctor*; Clee E. Lowe, Reverend; Alice Washington, *Doctor*; Black Voters Matter Capacity Building Institute; Louisiana State Conference of the NAACP; Steven Harris, Reverend,

*Plaintiffs—Appellees*,

versus

Nancy Landry, *in her official capacity as Secretary of State of Louisiana*,

*Defendant—Appellant*,

State of Louisiana, *by and through Attorney General Elizabeth B. Murrill*; Phillip DeVillier, *in his official capacity as Speaker of the Louisiana House of Representative*; Cameron Henry, *in his official capacity as President of the Louisiana Senate*,

*Intervenors—Appellants*,

versus

United States of America,

*Intervenor—Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-178

UNPUBLISHED ORDER

Before SMITH, SOUTHWICK, and WILSON, *Circuit Judges*.
PER CURIAM:

On February 8, 2024, the district court entered an order finding that the operative legislative maps enacted by the Louisiana Legislature violated § 2 of the Voting Rights Act and enjoined further elections under those maps. Plaintiffs-Appellees then moved the district court to order a special election as a remedy to the violation. The Defendants-Appellants also filed a notice of appeal challenging the merits of the district court's February 8 order. With the appeal pending, the district court issued an indicative ruling on May 3, 2024, pursuant to Federal Rule of Civil Procedure 62.1:

> The current [Louisiana] legislature was elected under maps that violated § 2 of the VRA and disenfranchised the votes of thousands of Black Louisianians, thus the harm suffered was severe and continuing, warranting a special election well prior to the October 2027 elections . . . . [O]n remand the Court would grant the Plaintiffs' motion to order the State to hold a special election before the regular election cycle (October 2027) to timely remedy the VRA-violation.

That same day, Plaintiffs-Appellees filed a notice in this court of the indicative ruling pursuant to Federal Rule of Appellate Procedure 12.1(a).

"When a district court does not have authority to grant a particular motion during the pendency of an appeal, one of the court's options is to 'state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.'" *La. v. Becerra*, No. 21-30734, 2022 WL 445159, at *2 (5th Cir. Feb. 14, 2022) (unpublished order) (quoting FED. R. CIV. P. 62.1). Under Rules 12.1(a) and (b), we

have authority to remand to allow the district court's order to be entered, either while retaining jurisdiction or dismissing the appeal to allow the case to proceed without limitation in district court.

    We decline to do so. Construing Plaintiffs-Appellees' notice as a motion for remand, IT IS ORDERED that the motion is DENIED. Plaintiffs-Appellees' notice of the district court's indicative ruling is otherwise CARRIED WITH THE CASE.