# No. 24-30115

## In the United States Court of Appeals for the Fifth Circuit

DR. DOROTHY NAIRNE, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, AND LOUISIANA STATE CONFERENCE OF THE NAACP,
*Plaintiffs-Appellees,*

*v.*

NANCY LANDRY, SECRETARY OF STATE,
*Defendant-Appellant*,

*and*

STATE OF LOUISIANA,
*Intervenor-Appellant.*

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:22-cv-00178 (C.J. Shelly D. Dick)

**PLAINTIFFS-APPELLEES' MOTION
TO EXPEDITE APPEAL**

Stuart Naifeh
Victoria Wenger
Colin Burke
NAACP LEGAL DEFENSE AND
  EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
snaifeh@naacpldf.org
vwenger@naacpldf.org
cburke@naacpldf.org

Megan C. Keenan
Sarah Brannon
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
915 15th St., NW
Washington, DC 20005
(740) 632-0671
mkeenan@aclu.org
sbrannon@aclu.org

*Counsel for Plaintiffs-Appellees (continued on inside cover)*

*Additional Counsel for Plaintiffs-Appellees*:

Leah Aden
NAACP LEGAL DEFENSE AND
 EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
laden@naacpldf.org

R. Jared Evans
I. Sara Rohani
NAACP LEGAL DEFENSE AND
 EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
jevans@naacpldf.org
srohani@naacpldf.org

Michael de Leeuw
Amanda Giglio
Robert Clark
COZEN O'CONNOR
3 WTC, 175 Greenwich St., 55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

John Adcock
ADCOCK LAW LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
Fax: (504) 308-1266
jnadcock@gmail.com

Sophia Lin Lakin
Dayton Campbell-Harris
Garrett Muscatel
AMERICAN CIVIL LIBERTIES
 UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbellharris@aclu.org
gmuscatel@aclu.org

T. Alora Thomas-Lundborg
Daniel J. Hessel
ELECTION LAW CLINIC
HARVARD LAW SCHOOL
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

Josephine Bahn
COZEN O'CONNOR
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

Nora Ahmed
Stephanie Willis
ACLU FOUNDATION OF LOUISIANA
1340 Poydras St., Ste. 2160
New Orleans, LA 70112
(504) 522-0628
nahmed@laaclu.org
swillis@laaclu.org

## INTRODUCTION

Plaintiffs-Appellees hereby move this Court, pursuant to Fifth Circuit Local Rules 27.5 and 34.5, to expedite this appeal.

This is not a new appeal. This Court granted a stay of the original briefing schedule. After lifting that stay on June 24, 2024, this Court resumed merits briefing in this appeal, and set the deadline for Defendants-Appellants' opening brief for August 5, 2024. This provides Defendants-Appellants with significantly more time than is needed. Defendants-Appellants will now have the same amount of additional time to file their opening brief that they already received after the record was filed under Rule 31(a)(1) of the Federal Rules of Appellate Procedure.

This Court stayed briefing pending a decision on Defendants-Appellants' petition for initial hearing *en banc* just one day before Defendants-Appellants' opening brief was due. The revised briefing schedule should reflect this. Unless expedited, Defendants-Appellants will have *one hundred and forty four* (144) days to prepare, serve, and file their opening brief, and adjudication of the merits of this appeal will be delayed by *one hundred and four* (104) days. Each and every one of those excess days harms Plaintiffs-Appellees, who continue to be represented

1

by a legislature elected using dilutive maps that violate their rights under Section 2 of the Voting Rights Act.

Plaintiffs-Appellees request that, instead of setting a new briefing schedule based on the time period prescribed by Rule 31(a)(1) of the Federal Rules of Appellate Procedure (which Defendants-Appellants have already received), Defendants-Appellants' opening brief deadline is reset for July 10, 2024. This schedule would still allow Defendants-Appellants more than two additional weeks to update their opening brief from the near-final state it must have been in when this Court stayed briefing on the eve of the original deadline. Plaintiffs-Appellees also request oral argument at the earliest available date following the conclusion of briefing.

Pursuant to Local Rule 27.4, counsel for Plaintiffs-Appellees have contacted counsel for Defendants-Appellants, who have indicated that Defendants-Appellants oppose this motion. The United States does not oppose Plaintiffs' motion.

## FACTUAL BACKGROUND

Plaintiffs-Appellees are four individual voters in Louisiana and two organizations dedicated to furthering the voting rights of Black

Louisianians. Plaintiffs-Appellees initiated this action to challenge redistricting maps for the Louisiana House and the Louisiana Senate that disenfranchise minority voters in violation of Section 2 of the Voting Rights Act of 1965 ("Section 2"), 52 U.S.C. § 10301. Plaintiffs-Appellees filed their complaint on March 14, 2022, less than a week after S.B. 1 and H.B. 14 became law on March 9, 2022. *See* ECF No. 1;[1] La. Legis., SB1 (2022 First Extraordinary Session), *available at* https://perma.cc/RX74-VU4H (last visited Feb. 12, 2024); La. Legis., HB14 (2022 First Extraordinary Session), https://perma.cc/2QKG-2KML (last visited Feb. 12, 2024).

Plaintiffs-Appellees have made every effort to expedite resolution of this matter, starting with requesting the trial court consider their claims on an expedited basis, noting that "[t]he elections that are the subject of this litigation fall on the latter half of the 2023 calendar," and seeking a schedule that would allow the district court to "reach a final judgment before those deadlines" associated with the 2023 elections. ECF

---

[1] All ECF citations are to the district court's docket in *Nairne v. Ardoin*, No. 3:22-cv-178 (M.D. La.). Any references to this Court's docket cite the docket number ("Dkt.").

No. 45-1. The district court granted that motion and scheduled a bench trial to take place beginning January 17, 2023. ECF No. 66.

The trial did not occur as scheduled, however, because the district court subsequently granted Defendants-Appellants' request for a stay pending the Supreme Court's consideration of *Allen v. Milligan*, 599 U.S. 1 (2023). *See* ECF No. 79. Plaintiffs-Appellees moved to lift the stay the day after the Supreme Court issued its decision in *Milligan*, and requested a pretrial schedule that would permit them to seek a preliminary injunction, allowing for relief in time for the 2023 legislative elections. ECF No. 83-1. In an exercise of judicial restraint, the district court denied that request and instead set the case on an expedited trial schedule. ECF No. 93. With that schedule in place, Plaintiffs-Appellees moved promptly toward trial, *see* ECF No. 82-1; ECF No. 94, despite Defendants-Appellants' continued efforts to delay resolution of the case, *see, e.g.*, ECF No. 92; ECF No. 101; ECF No. 107; ECF No. 184.

Following a seven-day trial on the merits beginning November 27, 2023 and ending December 5, 2023, the district court ruled that Plaintiffs-Appellees had met their burden of establishing that, under the totality of the circumstances, S.B. 1 and H.B. 14 have the effect of

abridging the right of Plaintiffs and other Black voters to an equal opportunity to elect their candidates of choice in violation of Section 2, and enjoined any further elections under those maps. *Nairne v. Ardoin*, No. 3:22-cv-178, 2024 WL 492688, at *30, *36, *44 (M.D. La. Feb. 8, 2024); *see also* ECF No. 234 at 13–15 (appendix to ruling and order containing "separately enumerated findings of facts and conclusions of law"). The district court has not yet engaged in any remedial proceedings or entered judgment on its ruling pursuant to Fed. R. Civ. P. 54.

Between the date Plaintiffs-Appellees commenced this action (March 14, 2022) and the date the district court issued its decision on the merits (February 8, 2024), Louisiana held an election for its state legislature (both the Louisiana House of Representatives and the Louisiana State Senate) using the electoral maps that the district court has now enjoined. *See* La. Legis, Members Elected for the 2024–2028 Term, https://perma.cc/H8PX-TL8H (last visited Feb. 13, 2024). Plaintiffs-Appellees have moved for a special legislative election to be held to prevent Senators and Representatives elected under maps that the district court deemed illegal under Section 2 from sitting in office until 2028, unnecessarily diluting Black Louisianans' voting power

5

illegally for another four years. *Id.* Plaintiffs-Appellees have repeatedly pressed the need to resolve this case sufficiently quickly to allow for special elections as part of the remedy in this case. *See, e.g.*, ECF No. 109 at 7; ECF No. 118 at 4.

After the district court issued its ruling on February 8, 2024, Plaintiffs-Appellees expeditiously sought to proceed to the remedial phase. Within three business days of the district court's decision, Plaintiffs-Appellees filed motions to set a schedule for remedial proceedings and to order a special election. ECF Nos. 235, 237. On February 19, 2024, Defendants-Appellants filed their notice of appeal. ECF No. 242. In light of that notice of appeal, the district court retained jurisdiction to enforce its order "implement State House and Senate election maps that comply with § 2 of the Voting Rights Act," ECF 233 at 91, but concluded that it "lack[ed] jurisdiction to issue an order for a special election at this time," and instead "provide[d] an indicative ruling on Plaintiffs' Motion for Special Election" pursuant to Federal Rule of Civil Procedure 62.1, indicating that "on remand the Court would grant the Plaintiffs' motion to order the State to hold a special election before

the regular election cycle (October 2027) to timely remedy the VRA-violation." ECF No. 272 at 9-10.

On March 14, 2024, this Court set a briefing schedule that provided for Defendants-Appellants' brief to be filed April 23, 2024. Dkt. No. 80. That deadline was extended, at Defendants-Appellants' request, to May 23, 2024. Dkt. Nos. 107, 120. On May 22, 2024—just one day before Defendants-Appellants' brief was due—this Court canceled the briefing schedule pending its resolution of Defendants-Appellants' petition for initial hearing *en banc*. Dkt. No. 174. On June 24, 2024, upon denying Defendants-Appellants' petition, the Court issued a new briefing schedule that provided Defendants-Appellants an additional 42 days before their brief would be due on August 5, 2024. Dkt. Nos. 176, 178.

## REASONS FOR GRANTING THE MOTION

Plaintiffs-Appellees seek to expedite the briefing schedule to ensure prompt resolution of this matter, in an effort to mitigate repeated delays to the briefing schedule. As stated above, the original deadline for Defendants-Appellants' opening brief in this case was April 23, 2024—over two months ago. Dkt. No. 80; *see also* Fed. R. App. Proc. 31(a)(1) (stating that "appellant must serve and file a brief within 40 days after

the record is filed"). On April 8, 2024, Defendants-Appellants requested a sixty-day extension of that deadline in light of the untimely passing of a member of Defendants-Appellants' counsel team. Dkt. No. 107. Plaintiffs opposed that request in favor of a shorter, less prejudicial seventeen-day extension, Dkt. No 112, and this Court met the parties in the middle by granting a thirty-day extension of the deadline and setting the deadline for Defendants-Appellants' opening brief at May 23, 2024, Dkt. No. 120.

On April 23, 2024, the original deadline for Defendants-Appellants' opening brief, Defendants-Appellants filed a motion seeking initial en banc review on certain issues before this Court. Dkt. No 125. And on May 22, 2024, the day before Defendants-Appellants' already-extended deadline to file their opening brief, this Court held the merits briefing schedule in abeyance to consider Defendant-Appellants' motion for initial en banc review, Dkt. No. 174. On June 24, 2024, this Court denied Defendants-Appellants' motion for initial en banc review and lifted the stay on merits briefing. Dkt. Nos. 176, 178.

Yet, even though this appeal has been pending for months, the revised briefing schedule issued by this Court provides the Defendants-

8

Appellants with even more time. Pursuant to this Court's order, Defendants-Appellants merits brief is now due on August 5, 2024—*over one hundred days* after the original deadline (and 144 days after the completion of the record on March 14, 2024). *See* Dkt. Nos. 80 (original briefing notice), 178 (renewed briefing notice). Absent expedition of the current briefing deadlines, Defendants-Appellants will have been granted *one hundred and forty four days* to prepare its opening brief in this case—over one hundred days more than the time granted under the Federal Rules of Appellate Procedure. *See* Fed. R. App. Proc. 31(a).

Defendants-Appellants are not writing on a blank slate. Given the timing of the Court's stay of merits briefing just one day before Defendants-Appellants' opening brief was due, there can be no serious question that Defendants-Appellants' brief is virtually complete. This Court should set a briefing schedule that reflects the significant amount of time Defendants-Appellants have already had to complete their opening brief. The substantive issues before this Court have not changed since this Court stayed briefing in this appeal. Accordingly, Plaintiffs maintain that Defendants-Appellants need no more than two weeks—not six—to finalize, file and serve their merits briefing.

In contrast, Plaintiffs-Appellees will be prejudiced if the current briefing schedule remains in place. Under the current schedule, merits briefing will not be completed until September 25, 2024, 104 days after briefing would have been completed under the Federal Rules. *See* Fed. R. App. Proc. 31(a); Dkt. No. 80. And, this additional significant a delay on top of the delays that have occurred will limit the timeliness and effectiveness of the remedies called for by the District Court's decision—including, but not limited to, a special election under maps that are not violative of Section 2 of the Voting Rights Act. Further delay will offend Plaintiffs' fundamental voting rights and rights to a representative government. Indeed, unless the pending appeal is resolved quickly, Senators and Representatives elected under these maps—which have been illegal under Section 2 since passed—may sit in office until 2028, effectively continuing to dilute Black Louisianans' voting power illegally for almost another four years. *Cf. Chisom v. Roemer*, 853 F.2d 1186, 1187 (5th Cir. 1988) (appeal was expedited to resolve all issues prior to the upcoming election at issue).

Plaintiffs-Appellees request that the Court expedite this appeal and amend the briefing schedule as follows:

- Defendants-Appellants' opening brief due July 10, 2024

- Plaintiffs-Appellees' response brief due 30 days from the date of the certificate of service of Defendants-Appellants' brief

- Defendants-Appellants' reply brief due within 21 days of the certificate of service of Plaintiffs-Appellees' brief.

Plaintiffs-Appellees also request oral argument at the earliest available date following the conclusion of briefing.

## CONCLUSION

Plaintiffs-Appellees respectfully request that this Court expedite this appeal.

Date: June 26, 2024                                Respectfully submitted,

                                                   /s/ Megan C. Keenan
Leah Aden                                          Megan C. Keenan
Stuart Naifeh                                      Sarah Brannon
Victoria Wenger                                    American Civil Liberties Union
Colin Burke                                        Foundation
NAACP Legal Defense &                              915 15th St. NW
Educational Fund                                   Washington, DC 20005
40 Rector Street, 5th Floor                        sbrannon@aclu.org
New York, NY 10006                                 mkeenan@aclu.org
laden@naacpldf.org
snaifeh@naacpldf.org                               Sophia Lin Lakin
vwenger@naacpldf.org                               Dayton Campbell-Harris*
cburke@naacpldf.org                                Garrett Muscatel
                                                   American Civil Liberties Union
                                                   Foundation

11

R. Jared Evans
I. Sara Rohani
NAACP Legal Defense &
Educational Fund
700 14th Street, Suite 600
Washington, DC 20005
jevans@naacpldf.org
srohani@naacpldf.org

John Adcock
Adcock Law LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 701119
jnadcock@gmail.com

Michael de Leeuw
Amanda Giglio
Robert Clark
Cozen O'Connor
3 WTC, 175 Greenwich St., 55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

Josephine Bahn
Cozen O'Connor
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org
gmuscatel@aclu.org

T. Alora Thomas-Lundborg
Daniel J. Hessel
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

Nora Ahmed
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

Ron Wilson (La. Bar No. 13575)
701 Poydras Street, Suite 4100
New Orleans, LA 70139
cabral2@aol.com

*Practice is limited to federal court.*

*Counsel for Plaintiffs-Appellees*