No. 24-30115

# In the United States Court of Appeals for the Fifth Circuit

Dorothy Nairne, Doctor; Clee E. Lowe, Reverend; Alice Washington, Doctor; Black Voters Matter Capacity Building Institute; Louisiana State Conference of the NAACP; Steven Harris, Reverend,

*Plaintiffs-Appellees*

v.

Nancy Landry, in her official capacity as Secretary of State of Louisiana,

*Defendant-Appellant*

State of Louisiana, by and through Attorney General Elizabeth B. Murrill; Phillip DeVillier, in his official capacity as Speaker of the Louisiana House of Representative; Cameron Henry, in his official capacity as President of the Louisiana Senate,

*Intervenors-Appellants*

v.

United States of America,

*Intervenor-Appellee*

———

On Appeal from the United States District Court
for the Middle District of Louisiana, No. 3:22-CV-178

———

**Response to Plaintiffs-Appellees' Motion to Expedite Appeal**

———

*(Counsel listed on next page)*

<div style="columns:2">

RICHARD B. RAILE
KATHERINE L. MCKNIGHT
E. MARK BRADEN
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 861-1711
rraile@bakerlaw.com

MICHAEL W. MENGIS
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, TX 77002

PATRICK T. LEWIS
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114

ROBERT J. TUCKER
ERIKA DACKIN PROUTY
BAKER & HOSTETLER LLP
200 Civic Center Dr., Suite 1200
Columbus, OH 43215

*Counsel for Phillip DeVillier and Cameron Henry*

ELIZABETH B. MURRILL
Attorney General of Louisiana

J. BENJAMIN AGUIÑAGA
Solicitor General

MORGAN BRUNGARD
KELSEY SMITH
Deputy Solicitors General

AUTUMN HAMIT PATTERSON
Special Ass't Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

*Counsel for the State of Louisiana*

PHILLIP J. STRACH
ALYSSA M. RIGGINS
CASSIE A. HOLT
NELSON MULLINS RILEY
& SCARBOROUGH LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
(919) 329-3800
phillip.strach@nelsonmullins.com

JOHN C. WALSH
JOHN C. CONINE, JR.
SHOWS, CALI & WALSH, L.L.P.
628 St. Louis St.
P.O. Box 4225
Baton Rouge, LA 70821

*Counsel for the Secretary of State*

</div>

ii

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required here because, under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellants—as "governmental" parties—need not furnish a certificate of interested persons.

The Court should deny Appellees' motion to expedite. Their proposed briefing schedule would severely prejudice the three sets of separately represented Appellants—the Louisiana Secretary of State (the "Secretary"), the State of Louisiana (by its "Attorney General"), and the Speaker of the Louisiana House and President of the Louisiana Senate ("Legislative Appellants")—in ways the motion fails to acknowledge. And it would confer no benefit on Appellees. They ask for briefing to close a mere 26 days before it is currently set to close, which would serve no practical purpose. Louisiana's regular legislative elections will not occur until 2027, and special elections are unavailable in this case. A motion that is all prejudice and no benefit is wholly without merit and should be denied.

### A. The Proposed Schedule Would Impose Severe Prejudice

The Court directed that Appellants' opening briefs be filed by August 5, C.A.5.Doc. 178, appellee briefs will be due 30 days after that (September 4), and reply briefs will be due 21 days after that (September 25), *see* Fed. R. App. P. 31(a). Appellees' motion proposes that opening briefs be filed by July 10—just two weeks after they filed their motion—that answering briefs be filed 30 days after that (August 9), and that reply briefs be filed 21 days after that (August 30). In sum, they ask that briefing close 26 days before it is currently set to close. This schedule would prejudice Appellants in many respects.

To begin, Appellees are wrong in their contention "that Defendants-Appellants' brief is virtually complete." Mot. 9. There are *three* sets of separately represented Appellants, and they had originally determined to file *two* opening briefs, with the Secretary and Legislative Appellants filing separately and the Attorney General joining the Secretary's brief. But the Attorney General views this Court's decision denying Appellants' joint en banc petition (by an 8–8 vote) as a material change in the posture of this appeal. *See* C.A.5.Doc. 176. As a result, the Attorney General will now file a separate brief, which has now just begun to be prepared. It would be highly prejudicial to demand that it be filed less than two weeks after a ruling on the instant motion. Moreover, while the two originally contemplated opening briefs were largely complete when this Court ordered a stay in briefing, intervening Supreme Court precedent—including *FDA v. Alliance for Hippocratic Medicine*, 144 S. Ct. 1540 (2024), and *Murthy v. Missouri*, No. 23-411, 2024 WL 3165801 (U.S. June 26, 2024)—address topics covered in Legislative Appellants' brief and warrant revisions. The proposed expedition would prejudice that work as well.

This prejudice is starkly compounded by the substantial case loads that Appellants' legal teams are handling. During the briefing period, Louisiana's Solicitor General (who represents the Attorney General in appellate matters) is responsible for emergency stay briefing in this Court arising out of *Louisiana v. U.S. Department of Education*, No. 24-

cv-563 (W.D. La.), beginning as early as July 1; a petition for writ of certiorari in *LeBlanc v. McNeal*, No. 23A1017 (U.S.), due on July 5; an appellee brief in *Ledet v. Louisiana*, No. 24-30277 (5th Cir.), due on July 11; an opening brief in *Allen v. Louisiana*, No. 24-30237 (5th Cir.), due on July 18; a reply brief in *Grace v. Hooper*, No. 24-30218 (5th Cir.), due on July 18; an amicus brief in *Consumers' Research v. Consumer Product Safety Commission*, No. 22-40328 (U.S.), due on July 18; an amicus brief in *Police Jury of Calcasieu Parish v. Indian Harbor Ins. Co.*, No. 2024-CQ-00449 (La.), due on July 19; a jurisdictional statement in *Landry v. Callais*, No. 23A1142 (U.S.), due on July 30; and a brief in opposition to the petition for writ of certiorari in *Landor v. Louisiana Department of Corrections and Public Safety*, No. 23-1197 (U.S.), due on August 7.

There is more. Appellees do not mention the harms of their proposed August 30 reply deadline on counsel for Legislative Appellants in *Citizens Project et al. v. Colorado Springs et al.*, 1:22-cv-01365 (D. Colo.), where a complex, seven-day trial in a Voting Rights Act case is set to begin on August 19 and where at least one of the same counsel for Appellees is adverse to counsel for Legislative Appellants in the case. *See id.* ECF No. 72 (Dec. 21, 2023). Appellees' proposed expedited schedule would create severe prejudice to Legislative Appellants' counsel with a

3

reply brief deadline just three days after that trial is currently set to end (August 30).[1]

In sum, there is no basis for Appellees' assertion that their request will impose no harm. To the contrary, it will work substantial prejudice.

### B. The Proposed Schedule Will Confer No Benefit

On the other side of the scales, the requested relief will provide no benefit because the proposed 26 days of expedition would serve no practical purpose. There is, then, no justification for the stark burdens Appellees ask be loaded onto their opponents.

Appellees suggest that expedition is appropriate in appeals where it is necessary "to resolve all issues prior to the upcoming election at issue." Mot. 10 (quoting *Chisom v. Roemer*, 853 F.2d 1186, 1187 (5th Cir. 1988)). But Appellees acknowledge that legislative elections are not scheduled in Louisiana until "October 2027." *See* Mot. 5 (citation omitted). Appellees do not even attempt to explain how advancing the briefing end date from late September 2024 to late August 2024 could make a material difference for elections *three years* later.

Instead, Appellees propose that expedition is necessary to accommodate their pending request in the district court for special elections sometime before October 2027. Mot. 6–7. But it is hardly

---

[1] The proceedings are unlikely to be functionally "ended" at that point, given that trial judges typically request post-trial proposed findings, or other briefing, often on tight deadlines.

4

persuasive for them to demand that the district court create an election emergency and, in turn, demand that this Court create an appeal emergency to accommodate that emergency. This manufactured scenario bears no analogy to cases expedited to ensure timely rulings before regularly scheduled elections. This Court, in fact, has already denied Appellees' request for a limited-purpose remand to accommodate their special-election request. *See* C.A.5.Doc. 153-1. Besides, it is a mystery how a difference of 26 days in briefing deadlines could materially impact the special-election request.

More fundamentally, Appellees have no colorable entitlement to special elections. Circuit precedent holds that special elections are "an extraordinary remedy that can only be employed in exceptional circumstances, usually when there has been egregious defiance of the Voting Rights Act on the part of the covered entity." *Lopez v. City of Houston*, 617 F.3d 336, 340 (5th Cir. 2010). In *Lopez*, this Court found special elections to be so obviously unavailable in the absence of alleged egregious defiance that a request for that remedy could not preserve the case from mootness. *Id.* That holding is significant because a case becomes moot only when it is "it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (citation omitted). *Lopez*, in short, holds that special elections are *impossible* unless there is a claim of "egregious or invidious discrimination." *Lopez*, 617 F.3d at 340.

5

As in *Lopez*, Appellees "have made no claim of the kind of egregious or invidious discrimination that would make invalidation of the [2023] election an appropriate remedy."[2] *Id.* This is a *results* case under § 2 that "turns on the presence of discriminatory effects, not discriminatory intent," *Allen v. Milligan*, 599 U.S. 1, 25 (2023), much less egregious defiance. Appellees do not allege any improper intent, much less defiance. Special elections are as impossible here as in *Lopez*.

Plaintiffs note that the district court issued an indicative ruling that it intends to order special elections. Mot. 6–7. But they fail to mention that this Court already considered that ruling and declined a limited-purpose remand. And the indicative ruling only shows how far the district court has strayed from governing law in managing this case. *Cf. In re Landry*, 83 F.4th 300, 307 (5th Cir. 2023) (issuing writ of mandamus in redistricting case to same trial judge, who "had no warrant to undertake" various case-management actions in defiance of precedent). The district court's indicative ruling does not even cite *Lopez*, much less justify its extraordinary proposed remedy. *See* D.Ct.Doc. 272 at 10–11 & nn. 53–61. Nor does it address the Supreme Court's summary reversal of a special-election order in *North Carolina v. Covington*, 581 U.S. 486, 487 (2017) (per curiam), which confirms the high bar for special elections set in *Lopez* and demands, at the minimum, "careful" findings

---

[2] For further discussion of why special elections are not a remotely plausible outcome here, *see* D.Ct.Doc. 266 at 3–15.

6

that are "case-specific." *Id.* at 488–89; *see also Covington v. North Carolina*, 270 F. Supp. 3d 881, 884, 892 (M.D.N.C. 2017) (on remand, denying special elections even though the rejected plan "represent[ed] the most extensive unconstitutional racial gerrymander ever encountered by a federal court"). The district court's order is plainly infirm under *Covington*. *See* D.Ct.Doc. 272 at 10.

Because an order for special elections could not withstand appellate scrutiny, there is no point in working stark prejudice on Appellants to accommodate Appellees' quixotic hope for that relief.

## CONCLUSION

The Court should deny Appellees' motion.

Date: June 28, 2024

/s/ Richard B. Raile
RICHARD B. RAILE
KATHERINE L. MCKNIGHT
E. MARK BRADEN
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 861-1711
rraile@bakerlaw.com

MICHAEL W. MENGIS
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, TX 77002

Respectfully submitted,

/s/ J. Benjamin Aguiñaga
ELIZABETH B. MURRILL
Attorney General of Louisiana

J. BENJAMIN AGUIÑAGA
Solicitor General

MORGAN BRUNGARD
KELSEY SMITH
Deputy Solicitors General

AUTUMN HAMIT PATTERSON
Special Ass't Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov
*Counsel for the State of Louisiana*

7

| | |
|---|---|
| PATRICK T. LEWIS<br>BAKER & HOSTETLER LLP<br>127 Public Square, Suite 2000<br>Cleveland, OH 44114<br><br>ROBERT J. TUCKER<br>ERIKA DACKIN PROUTY<br>BAKER & HOSTETLER LLP<br>200 Civic Center Dr., Suite 1200<br>Columbus, OH 43215<br><br>*Counsel for Phillip DeVillier and Cameron Henry* | */s/ Phillip J. Strach*<br>PHILLIP J. STRACH<br>ALYSSA M. RIGGINS<br>CASSIE A. HOLT<br>NELSON MULLINS RILEY<br>& SCARBOROUGH LLP<br>301 Hillsborough Street, Suite 1400<br>Raleigh, NC 27603<br>(919) 329-3800<br>phillip.strach@nelsonmullins.com<br><br>JOHN C. WALSH<br>JOHN C. CONINE, JR.<br>SHOWS, CALI & WALSH, L.L.P.<br>628 St. Louis St.<br>P.O. Box 4225<br>Baton Rouge, LA 70821<br><br>*Counsel for the Secretary of State* |

8

**CERTIFICATE OF SERVICE**

I certify that on June 28, 2024, I filed the foregoing with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

/s/ Richard B. Raile
RICHARD B. RAILE

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this motion complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,563 words, excluding the parts of the brief exempted by Rule 32(f); and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 365 (the same program used to calculate the word count).

*/s/ Richard B. Raile*
RICHARD B. RAILE

Date: June 28, 2024