No. 24-30115

# In The United States Court of Appeals for the Fifth Circuit

DOROTHY NAIRNE, et al.,

*Plaintiffs-Appellees*,

v.

NANCY LANDRY,

*Defendant-Appellant*,

STATE OF LOUISIANA, et al.,

*Intervenors-Appellants*,

v.

UNITED STATES OF AMERICA,

*Intervenor-Appellee*.

*On Appeal from the United States District Court
for the Middle District of Louisiana*

**MOTION OF CONSTITUTIONAL ACCOUNTABILITY CENTER FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS-APPELLEES AND AFFIRMANCE**

Movant Constitutional Accountability Center hereby requests leave under Federal Rule of Appellate Procedure 29(a)(3) to file an *amicus curiae* brief in support of Plaintiffs-Appellees and affirmance. The brief is attached as an exhibit to this motion. In support of its motion, *amicus* states as follows:

1.   *Amicus* Constitutional Accountability Center (CAC) is a think tank and

public interest law firm dedicated to fulfilling the progressive promise of the Constitution's text and history. CAC works in our courts, through our government, and with legal scholars to improve understanding of the Constitution and preserve the rights and freedoms it guarantees.

2. CAC has a strong interest in the scope of the Fifteenth Amendment's protections, Congress's power to enforce those protections, and the Voting Rights Act, and therefore has an interest in this case. Indeed, CAC has repeatedly filed briefs in both this Court and the Supreme Court in cases concerning the Voting Rights Act, the Fifteenth Amendment, and other constitutional protections of the right to vote. *See, e.g.*, En Banc Br. of CAC as *Amicus Curiae* in Support of Plaintiffs-Appellees and Affirmance, *Petteway v. Galveston County*, No. 23-40582, 2024 WL 3617145 (5th Cir. Aug. 1, 2024); Br. of *Amicus Curiae* CAC in Support of Plaintiffs-Appellees, *Tex. Democratic Party v. Abbott*, 978 F.3d 168 (5th Cir. 2020) (No. 20-50407); Br. of CAC as *Amicus Curiae* in Support of Plaintiffs-Appellees and Affirmance, *Veasey v. Abbott*, 830 F.3d 216 (5th Cir. 2016) (No. 14-41127); Br. of CAC as *Amicus Curiae* in Support of Appellees, *Alexander v. S.C. State Conf. of the NAACP*, 144 S. Ct. 1221 (2024) (No. 22-807); Br. of CAC as *Amicus Curiae* in Support of Appellees and Respondents, *Allen v. Milligan*, 599 U.S. 1 (2023) (Nos. 21-1086, 21-1087); Br. of CAC as *Amicus Curiae* in Support of Respondents, *Brnovich v. Democratic Nat'l Comm.*, 594 U.S. 647 (2021) (Nos. 19-

1257, 19-1258).

3.      The proposed brief will offer a unique perspective to this Court by examining the text and history of the Fifteenth Amendment and the Voting Rights Act. As *amicus* describes in its proposed brief, the Fifteenth Amendment gave Congress sweeping authority to enforce the Amendment's ban on racial discrimination in voting through national legislation. Congress used its Fifteenth Amendment authority to enact Section 2 of the Voting Rights Act and prohibit electoral practices that produce discriminatory results, including the dilution of the voting strength of communities of color.

4.      Further, as *amicus* explains, Louisiana's argument that the application of Section 2 to present-day Louisiana exceeds Congress's Fifteenth Amendment power is irreconcilable with the text and history of the Fifteenth Amendment and the Voting Rights Act. As *amicus* describes, the Fifteenth Amendment empowers Congress, not the courts, to determine how best to enforce the Amendment, and Supreme Court precedent has never required Congress to justify the continued existence of Section 2 with current findings.

5.      Counsel for *amicus* contacted the parties to ascertain whether they would consent to the filing of this brief. Plaintiffs-Appellees, Intervenor-Appellee, the Legislative Intervenor-Appellants, and the State of Louisiana consent to the

filing of this *amicus* brief. Defendant-Appellant Secretary of State Nancy Landry takes no position on the filing of this *amicus* brief.

WHEREFORE, movant respectfully requests leave to file the accompanying *amicus curiae* brief.

                                      Respectfully submitted,

                                      */s/ Brianne J. Gorod*
                                      Elizabeth B. Wydra
                                      Brianne J. Gorod
                                      David H. Gans
                                      Anna K. Jessurun
                                      CONSTITUTIONAL ACCOUNTABILITY
                                          CENTER
                                      1200 18th Street NW, Suite 501
                                      Washington, D.C. 20036
                                      (202) 296-6889
                                      brianne@theusconstitution.org

Dated: August 23, 2024                    *Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on February 21, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Executed this 23rd day of August, 2024.

                                    */s/ Brianne J. Gorod*
                                    Brianne J. Gorod

                                    *Counsel for Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the typeface and volume limitations of Fed. R. App. P. 27(d) because it contains 538 words, excluding the parts of the motion exempted by Fed. R. App. P. 27(d)(2) and 32(f), and because the motion has been prepared in a proportionally spaced typeface using 14-point Times New Roman font.

Executed this 23rd day of August, 2024.

*/s/ Brianne J. Gorod*
Brianne J. Gorod

*Counsel for Amicus Curiae*