No. 24-30115

# In the United States Court of Appeals for the Fifth Circuit

Dorothy Nairne, Doctor; Clee E. Lowe, Reverend; Alice Washington, Doctor; Black Voters Matter Capacity Building Institute; Louisiana State Conference of the NAACP; Steven Harris, Reverend,

*Plaintiffs-Appellees*

v.

Nancy Landry, in her official capacity as Secretary of State of Louisiana,

*Defendant-Appellant*

State of Louisiana, by and through Attorney General Elizabeth B. Murrill; Phillip DeVillier, in his official capacity as Speaker of the Louisiana House of Representative; Cameron Henry, in his official capacity as President of the Louisiana Senate,

*Intervenors-Appellants*

v.

United States of America,

*Intervenor-Appellee*

―――――――――――

On Appeal from the United States District Court
for the Middle District of Louisiana, No. 3:22-CV-178
―――――――――――

**Motion For Abeyance of Appeal and Suspension of Deadlines**
―――――――――――

| | |
|---|---|
| Elizabeth B. Murrill<br>Attorney General of Louisiana | J. Benjamin Aguiñaga<br>Solicitor General<br>AguinagaB@ag.louisiana.gov |
| Office of the Attorney General<br>1885 N. 3rd St.<br>Baton Rouge, LA 70802<br>(225) 506-3746 | Morgan Brungard<br>Deputy Solicitor General<br><br>*(Additional counsel listed in signature block)* |

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required here because, under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellants—as "governmental" parties—need not furnish a certificate of interested persons.

*/s/ J. Benjamin Aguiñaga*
J. Benjamin Aguiñaga

Pursuant to Federal Rule of Appellate Procedure 27 and 35, the State of Louisiana, Louisiana Secretary of State Nancy Landry, Louisiana Senate President Cameron Henry, and Speaker of the Louisiana House of Representatives Phillip DeVillier (together, "Appellants") respectfully move the Court to hold this appeal in abeyance and suspend the deadline for the filing of a petition for rehearing, pending the Supreme Court's decision in *Louisiana v. Callais*, No. 24-109, 606 U.S. ___ (2025). (Alternatively, Appellants request a 60-day extension of the rehearing deadline to permit completion of the *Callais* supplemental briefing and reargument, so that this Court and the parties may assess the overlapping issues between *Callais* and this case.)

*Callais* involves a challenge to Louisiana's congressional map—enacted in 2024 after the State's original congressional map was enjoined as likely violating Section 2 of the Voting Rights Act—as an unconstitutional racial gerrymander in violation of the U.S. Constitution's Equal Protection Clause. The central issue in *Callais* is the constitutionality of the second majority-minority district that Louisiana created in response to the Section 2 preliminary injunction.

Oral arguments were held on March 25, 2025, but rather than issuing a decision, the Court issued an order on June 27, 2025, setting the case for reargument. Although that order was unreasoned, the accompanying dissenting opinion by Justice Thomas indicates that the Court is struggling to reconcile the inherent tensions within its own "Janus-like election law jurisprudence." *See Callais*, No. 24-109, 606 U.S. ___, at 2–6 (2025) (Thomas, J., dissenting). Justice Thomas's predictions rang true: The Court has since ordered expedited, supplemental briefing from the parties on "[w]hether the State's intentional creation of a second majority-minority congressional district violates the Fourteenth or Fifteenth Amendments to the U.S. Constitution." Order, *Louisiana v. Callais*, No. 24-109 (U.S. Aug. 1, 2025). And the Court has set reargument for October 15—two months from today.

Considering the Court's impending decision in *Callais*, there is good cause to stay any further proceedings and deadlines in this appeal. *First*, the district court below (Dick, J.) already has stayed remedial proceedings for this exact reason. *Nairne v. Ardoin* (3:22-CV-178), ECF No. 345. At the hearing on Appellants' Joint Motion to Stay (ECF No. 335), the district court granted a stay and cancelled the pre-trial

conference and other evidentiary hearings "pending resolution by the United States Supreme Court" in *Callais*. ECF No. 345. The Joint Motion to Stay made all the same points made here—the Supreme Court has indicated a potentially significant change in Section 2 and Equal Protection Clause jurisprudence, that change may moot or at least directly impact the Section 2 issues in this case, and it would therefore preserve the parties' and the Court's time and resources to await a ruling. The district court found these reasons sufficient to put a pause on all proceedings until the Supreme Court resolves *Callais*. And in fact, Judge deGravelles (M.D. La.) has taken the same route in another Section 2 case. *See Clark v. Edwards*, No. 86-cv-435 (M.D. La.), ECF No. 752 ("This matter is stayed and administratively closed pending a decision by the United States Supreme Court in *Louisiana v. Callais*, No. 24-109."). This Court should do the same.

*Second*, abeyance makes eminent good sense because several issues addressed by this Court in its August 14 opinion are directly the subject of the *Callais* reargument's question presented. Specifically, the Court expressly based (Op.30–31) its opinion on the understanding that Plaintiffs' illustratives used a racial target and that such a target is

lawful. The constitutionality of that understanding is precisely what is being briefed, and will be argued in a few weeks, in *Callais*. The Court likewise expressly rejected (Op.52–54) the State's argument concerning the overarching constitutionality of Section 2. Again, that constitutional question is precisely what is being briefed, and will be argued in a few weeks, in *Callais*. Both questions will, one way or the other, likely be resolved by the Supreme Court in the near future.

*Third*, it follows that it would make no sense to go through rehearing briefing—and potentially further substantive briefing and argument—while the Supreme Court itself is going to answer these potentially dispositive questions (or at least clarify this area of the law). That a member of this Court already has held the mandate indicates that significant time and resources potentially will be wasted on parallel rehearing proceedings in this Court absent abeyance. Judicial efficiency counsels against that waste of time and resources. Again, the district court itself already has stayed remedial proceedings for exactly this reason. *Supra* p.2. This Court should follow suit.

Accordingly, Appellants respectfully request that the appeal be held in abeyance and the rehearing deadline be suspended pending a

decision in *Callais*. The United States does not oppose this request; Plaintiffs oppose and intend to file a response.

Date: August 15, 2025        Respectfully submitted,

*/s/ J. Benjamin Aguiñaga*
ELIZABETH B. MURRILL
Attorney General of Louisiana

J. BENJAMIN AGUIÑAGA
Solicitor General

MORGAN BRUNGARD
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

*Counsel for the State of Louisiana, Phillip DeVillier, and Cameron Henry*

*/s/ Phillip J. Strach*
PHILLIP J. STRACH
ALYSSA M. RIGGINS
CASSIE A. HOLT
NELSON MULLINS RILEY
& SCARBOROUGH LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
(919) 329-3800
phillip.strach@nelsonmullins.com

JOHN C. WALSH
JOHN C. CONINE, JR.
SHOWS, CALI & WALSH, L.L.P.
628 St. Louis St.
P.O. Box 4225
Baton Rouge, LA 70821

*Counsel for the Secretary of State*

6

## CERTIFICATE OF SERVICE

I certify that on August 15, 2025, I filed the foregoing with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this motion complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 806 words, excluding the parts of the brief exempted by Rule 32(f); and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016 (the same program used to calculate the word count).

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

Date: August 15, 2025