# No. 24-30115

## In the United States Court of Appeals for the Fifth Circuit

DR. DOROTHY NAIRNE, REV. CLEE EARNEST LOWE, DR. ALICE WASHINGTON, STEVEN HARRIS, BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE, AND LOUISIANA STATE CONFERENCE OF THE NAACP,
*Plaintiffs-Appellees*,

*v.*

NANCY LANDRY, SECRETARY OF STATE,
*Defendant-Appellant*,

*and*

STATE OF LOUISIANA,
*Intervenor-Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:22-cv-00178 (C.J. Shelly D. Dick)

**PLAINTIFFS-APPELLEES' OPPOSITION TO MOTION FOR ABEYANCE OF APPEAL AND SUSPENSION OF DEADLINES**

Stuart Naifeh
Victoria Wenger
Colin Burke
NAACP LEGAL DEFENSE AND
  EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
snaifeh@naacpldf.org
vwenger@naacpldf.org
cburke@naacpldf.org

Megan C. Keenan
Sarah Brannon
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
915 15th St., NW
Washington, DC 20005
(740) 632-0671
mkeenan@aclu.org
sbrannon@aclu.org

*Counsel for Plaintiffs-Appellees*
*(continued on inside cover)*

## *Additional Counsel for Plaintiffs-Appellees*:

I. Sara Rohani
NAACP LEGAL DEFENSE AND
　EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
(202) 682-1300
srohani@naacpldf.org

Michael de Leeuw
Amanda Giglio
COZEN O'CONNOR
3 WTC, 175 Greenwich St., 55th Floor
New York, NY 10007
MdeLeeuw@cozen.com
AGiglio@cozen.com

Josephine Bahn
COZEN O'CONNOR
1200 19th Street NW
Washington, D.C. 20036
JBahn@cozen.com

Robert S. Clark
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
robertclark@cozen.com

Sophia Lin Lakin
Dayton Campbell-Harris
AMERICAN CIVIL LIBERTIES
　UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org

T. Alora Thomas-Lundborg
Daniel J. Hessel
ELECTION LAW CLINIC
HARVARD LAW SCHOOL
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu
dhessel@law.harvard.edu

Nora Ahmed
Stephanie Willis
ACLU FOUNDATION OF LOUISIANA
1340 Poydras St., Ste. 2160
New Orleans, LA 70112
(504) 522-0628
nahmed@laaclu.org
swillis@laaclu.org

John Adcock
ADCOCK LAW LLC
3110 Canal Street
New Orleans, LA 70119
(504) 233-3125
jnadcock@gmail.com

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Cir. R. 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualifications or recusal.

**Appellants**: State of Louisiana, by and through Attorney General Elizabeth B. Murrill, represented by Louisiana's Office of the Attorney General attorney Elizabeth Baker Murrill; and Holtzman Vogel Baran Torchinsky & Josefiak PLLC attorneys Jason B. Torchinsky, Edward M. Wenger, Phillip Michael Gordon, and Brennan Bowen. Nancy Landry, in her official capacity as Secretary of State for Louisiana, represented by Shows, Cali & Walsh, LLP attorney John Carroll Walsh; and Nelson Mullins Riley & Scarborough LLP attorneys Alyssa Riggins and Phillip Strach. Clay Schexnayder and Patrick Page Cortez, in their official capacities as Speaker of the Louisiana House of Representatives and President of the Louisiana Senate, succeeded by Phillip DeVillier and Cameron Henry, in their official capacities as Speaker of the Louisiana House of Representatives and President of the Louisiana Senate, in accordance with Fed. R. Civ. P. 25(d), represented by Baker & Hostetler LLP attorneys Richard B. Raile, Katherine L. McKnight, E. Mark Braden, Michael W. Mengis, Patrick T. Lewis, Erika Dackin Prouty, and Robert J. Tucker.

**Appellees**: Dr. Dorothy Nairne, Rev. Clee Earnest Lowe, Dr. Alice Washington, Steven Harris, Black Voters Matter Capacity Building Institute, and Louisiana State Conference of the NAACP, represented by American Civil Liberties Union Foundation attorneys Megan C. Keenan, Sarah Brannon, Sophia Lin Lakin, and Dayton Campbell-Harris; Legal Defense Fund attorneys Stuart C. Naifeh, Victoria Wenger, I. Sara Rohani, and Colin Burke; Harvard Law School Election Law Clinic attorneys Tiffany Alora Thomas-Lundborg and Daniel Hessel; ACLU of Louisiana attorneys Nora Ahmed and Stephanie Willis; Cozen O'Connor attorneys Michael de Leeuw, Amanda Giglio, Josephine Bahn, and Robert Clark; and attorneys John Nelson Adcock and Ron Wilson.

**Intervenors**: United States of America, represented by U.S. Department of Justice attorneys Jason Lee.

# TABLE OF AUTHORITIES

**Cases**
*Agostini v. Felton*, 521 U.S. 203 (1997) ........................................................ 3
*Louisiana v. Callais*, 145 S. Ct. 2608 (2025) ................................................. 3
*Louisiana v. Callais,* 145 S. Ct. 434 (2024) ................................................... 3
*Louisiana v. Callais*, No. 24-109, 2025 WL 2180226 (U.S. Aug. 1, 2025) .. 3
*Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023) ....................................... 3
*United States v. Castro*, 750 F. App'x 363 (5th Cir. 2018) ........................... 2
*United States v. Escalera*, No. 22-40669, 2023 WL 3254997 (5th Cir. May 4, 2023) .......................................................................................................... 3
*United States v. Islas-Saucedo*, 903 F.3d 512 (5th Cir. 2018) ..................... 2
*United States v. Rodriguez*, 693 F. App'x 339 (5th Cir. 2017) .................... 3
*United States v. Stewart*, 732 F. App'x 314 (5th Cir. 2018) ........................ 2

**Rules**
5th Cir. I.O.P. 40 ................................................................................................ 6
5th Cir. R. 40.2.4 ................................................................................................ 1

**Other Authorities**
La. Sec'y of State, *2027 Elections* (last updated Mar. 2025), https://www.sos.la.gov/ElectionsAndVoting/PublishedDocuments/ElectionsCalendar2027.pdf ................................... 4

## INTRODUCTION

The delay Defendants-Appellants seek would be severely prejudicial to Plaintiffs-Appellees. In balancing the equities, similar prejudice would not result to Defendants-Appellants.

Plaintiffs-Appellees brought this lawsuit alleging that Louisiana's state legislative maps violate Section 2 of the Voting Rights Act back in 2022, shortly after the Legislature passed the maps. Following a seven-day trial in November 2023, the district court issued a ruling in February 2024 confirming that Louisiana's state legislative maps are unlawful and violated Plaintiffs-Appellees' rights under the Voting Rights Act. This Court affirmed that decision through and through in August 2025. Defendants-Appellants have offered no reason sufficient to require Plaintiffs-Appellees to endure the risk of even further delay that could jeopardize Plaintiffs-Appellees' ability to receive full relief prior to the next regularly scheduled state legislative elections in 2027.

This Court's local rules specify that Defendants-Appellants needed to muster "the most compelling reasons" to even request an ordinary extension of the deadline for the rehearing petition, 5th Cir. R. 40.2.4, let alone an indefinite stay of their deadline. Defendants-Appellants have fallen far short of that demanding standard, and this Court should deny their motion.[1]

---

[1] As for Defendants-Appellants' alternative request to extend the petition deadline: though Plaintiffs-Appellees maintain that Defendants-Appellants have not satisfied the standard set forth in this Court's local

## ARGUMENT

Defendants-Appellants have requested that this Court hold any further proceedings in this matter in abeyance and suspend the deadline for the filing of a petition for rehearing pending the Supreme Court's decision in *Louisiana v. Callais*, No. 24109, 606 U.S. ___ (2025). Plaintiffs-Appellees oppose this request because of the substantial harm that further delay of these proceedings will cause.

Defendants-Appellants' representations of and reliance upon *Callais* as a basis for their request boils down to no more than a possibility that a different case might address an issue relevant to this one. But this Court has "traditionally held that even when the Supreme Court has granted certiorari in a relevant case, we will continue to follow binding precedent," and has accordingly denied motions seeking abeyance on that basis. *United States v. Islas-Saucedo*, 903 F.3d 512, 521 (5th Cir. 2018).[2] This Court's

---

rules, Plaintiffs-Appellees would not oppose a 30-day extension of Defendants-Appellants' deadline to seek rehearing *en banc* in this case, as a courtesy to the parties that are currently engaged in short-term supplemental briefing in *Callais* during the same period in which Defendants-Appellants' deadline would ordinarily lapse. But Plaintiffs-Appellees disagree that the supplemental briefing and reargument themselves will unsettle existing, binding precedent any more than the grant of certiorari, *see infra* at 2–4, and accordingly disagree with the basis for Defendants' request. *See* Doc. 315 at 1.

[2] *See also, e.g.*, *United States v. Stewart*, 732 F. App'x 314, 316 (5th Cir. 2018) ("On the question of abeyance, we have traditionally held that even when the Supreme Court has granted certiorari in a relevant case, we will continue to follow binding precedent."); *United States v. Castro*, 750 F. App'x 363, 364 (5th Cir. 2018) (same); *United States v. Escalera*, No. 22-

2

practice of denying such requests for abeyance comports with the Supreme Court's repeated guidance that courts should apply the law based on existing, controlling precedent, rather than predict the direction in which the Supreme Court might take the law in future cases. *See, e.g., Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136 (2023); *Agostini v. Felton*, 521 U.S. 203, 237 (1997).

The timing of Defendants-Appellants' ask undermines the notion that this case is one of the unusual appeals that should stayed or be held in abeyance pending the outcome of *Callais*. To the extent *Callais* implicates this appeal, that should have been true when the Supreme Court noted probable jurisdiction over the case in November 2024, *Louisiana v. Callais,* 145 S. Ct. 434 (2024); when the Supreme Court set the case for reargument, *Louisiana v. Callais*, 145 S. Ct. 2608 (2025); and when the Supreme Court issued a question for supplemental briefing, *Louisiana v. Callais*, No. 24-109, 2025 WL 2180226, at *1 (U.S. Aug. 1, 2025). And all of those events took place *before* the panel assigned to this case decided the substance of the appeal based on current law. Indeed, every single event cited in Defendants-Appellants' briefing took place *before* the panel issued its opinion.

---

40669, 2023 WL 3254997, at *1 (5th Cir. May 4, 2023) (denying motion to hold appeal on abeyance pending decision by the Supreme Court), *cert. denied*, 144 S. Ct. 1101, 218 L. Ed. 2d 343 (2024); *United States v. Rodriguez*, 693 F. App'x 339, 340 (5th Cir. 2017) (same).

3

Yet through all those events, Defendants-Appellants never sought a stay of this appeal pending the conclusion of the *Callais* proceedings. Instead, Defendants-Appellants waited until *after* the panel issued its decision affirming their violation of the Voting Rights Act, and they indicated that *Callais* might have an impact on this appeal only as this case approached the deadline for rehearing *en banc*. Defendants-Appellants' belated position that it would "make no sense to go through rehearing briefing" while *Callais* remains pending is undercut by their failure to mount any objection to proceeding through the previous phases of the appeal under the same conditions.

Moreover, postponing any further appellate proceedings in this matter until after the Supreme Court issues its decision in *Callais* would be prejudicial and run counter to the public interest, because it would needlessly threaten Plaintiffs-Appellants' ability to obtain relief in advance of the next regularly scheduled state legislative elections. When Defendants-Appellants moved to stay the remedial proceedings below, they represented that there was "plenty of time" to wait for the Supreme Court's decision in *Callais* and still "afford Plaintiffs' relief" before the next scheduled elections. ECF No. 335-2 at 7, *Nairne v. Landry*, No. 3:22-cv-178 (M.D. La.). The next scheduled legislative elections in Louisiana are set for October 9, 2027. *See* La. Sec'y of State, *2027 Elections* (last updated Mar. 2025), https://www.sos.la.gov/ElectionsAndVoting/PublishedDocuments/ElectionsCalendar2027.pdf. The Secretary of State's office has represented

4

that it could implement court-ordered remedial plans received by January 1, 2027 in time for those October 9, 2027 state legislative elections. ECF No. 342 at 2, *Nairne v. Landry*, No. 3:22-cv-178 (M.D. La.).

But, through those same proceedings, Defendants also expressly reserved their right to seek a stay of any future remedial proceedings pending any appeal. The Supreme Court's next term ends in the summer of 2026. Postponing Defendants-Appellants' deadline to seek rehearing *en banc* until after the Supreme Court issues its decision in *Callais* risks an additional month of delay following the decision for Defendants-Appellants to decide whether to seek rehearing; then time for this Court to consider whether to rehear this appeal; then time for briefing, argument, and decision if this Court takes the appeal *en banc*; and then time for further appeals to the Supreme Court. Six months is hardly "plenty of time" for all those events to unfold.

Undoubtedly, looking so far into the future involves predictions and uncertainty. (For instance, Plaintiffs maintain that this appeal should not be reheard *en banc*, which would obviate much of the time crunch.) But the uncertainty about whether the appellate proceedings before this Court will make it impossible to implement any remedy before the 2027 elections would be materially reduced—if not obviated—if this Court denied Defendants' motion and kept the current appellate deadlines in place. Any harm to Defendants-Appellants that will result from moving forward with additional appellate proceedings now is vastly outweighed by the

5

Plaintiffs-Appellees' and the public's interest in avoiding the needless risk that Black Louisianians' votes will be unlawfully diluted for another four years. Defendants-Appellants should seek *en banc* review, if they choose, now.[3] If they are unsuccessful, they may then begin the process of seeking certiorari, should they so choose.

## CONCLUSION

This Court should deny Defendants' motion.

Date: August __, 2025

*/s/ Megan C. Keenan*
Megan C. Keenan
*Counsel for Plaintiffs-Appellees*

---

[3] To the extent that any member of the Court has already requested a poll on whether rehearing *en banc* should be granted, Defendants-Appellants need no extension, as the members of the Court would have an opportunity to vote without any need for Defendants-Appellants to draft a petition for rehearing. *See* 5th Cir. I.O.P. 40.

6