No. 24-30115

# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘 𝖋𝖔𝖗 𝖙𝖍𝖊 𝕱𝖎𝖋𝖙𝖍 𝕮𝖎𝖗𝖈𝖚𝖎𝖙

DOROTHY NAIRNE, DOCTOR; CLEE E. LOWE, REVEREND; ALICE WASHINGTON, DOCTOR; BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE; LOUISIANA STATE CONFERENCE OF THE NAACP; STEVEN HARRIS, REVEREND,

*Plaintiffs-Appellees*

v.

NANCY LANDRY, IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE OF LOUISIANA,

*Defendant-Appellant*

STATE OF LOUISIANA, BY AND THROUGH ATTORNEY GENERAL ELIZABETH B. MURRILL; PHILLIP DEVILLIER, IN HIS OFFICIAL CAPACITY AS SPEAKER OF THE LOUISIANA HOUSE OF REPRESENTATIVE; CAMERON HENRY, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE LOUISIANA SENATE,

*Intervenors-Appellants*

v.

UNITED STATES OF AMERICA,

*Intervenor-Appellee*

_____

On Appeal from the United States District Court
for the Middle District of Louisiana, No. 3:22-CV-178

_____

### REPLY IN SUPPORT OF MOTION FOR ABEYANCE OF APPEAL AND SUSPENSION OF DEADLINES

_____

ELIZABETH B. MURRILL
Attorney General of Louisiana

OFFICE OF THE ATTORNEY
GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746

J. BENJAMIN AGUIÑAGA
Solicitor General
AguinagaB@ag.louisiana.gov

MORGAN BRUNGARD
Deputy Solicitor General

*(Additional counsel listed in signature block)*

Appellants appreciate Plaintiffs' consent to, at a minimum, a 30-day extension of the rehearing deadline. Resp.1–2 n.1. Respectfully, however, Plaintiffs identify no sufficient reason not to hold this appeal and the rehearing deadline in abeyance pending the Supreme Court's decision in *Louisiana v. Callais*, No. 24-109 (U.S.). The district court *in this case* has itself stayed proceedings pending a decision in *Callais*. Likewise, Judge Smith—writing for a three-judge district court—stayed proceedings in Texas's redistricting litigation pending a decision in *Callais*. *See* Order Suspending Deadline for Findings of Fact and Conclusions of Law, *LULAC v. Abbott*, No. 21-cv-259 (W.D. Tex. Aug. 11, 2025), ECF No. 1126. This Court should do the same.

Plaintiffs' objections are unavailing. *First*, they protest that "this Court has 'traditionally held that even when the Supreme Court has granted certiorari in a relevant case, we will continue to follow binding precedent,' and has accordingly denied motions seeking abeyance on that basis." Resp.2 (quoting *United States v. Islas-Saucedo*, 903 F.3d 512, 521 (5th Cir. 2018)). The Court, however, has always followed up that general statement with a "recogni[tion] that situations may arise that would

condone a pause in our application of a decision that is being challenged in the Supreme Court." *Islas-Saucedo*, 903 F.3d at 522.

That situation did not exist in *Islas-Saucedo* because the panel was effectively giving a criminal defendant an immediate release to which the panel believed he was entitled. *See id.* It also did not exist in the other materially identical cases cited by Plaintiffs, which involved immediate or near-immediate releases in light of illegal sentences. *See United States v. Stewart*, 732 F. App'x 314, 316 (5th Cir. 2018) ("relatively brief remaining time on his sentence"); *United States v. Castro*, 750 F. App'x 363, 365 (5th Cir. 2018) ("seemingly he has already been imprisoned for more than [the maximum sentence]"). There also was no reason for a pause in the other two cases Plaintiffs cite because no briefing was necessary to summarily dispose of concededly "foreclosed" issues. *United States v. Escalera*, 2023 WL 3254997, at *1 (5th Cir. May 4, 2023); *United States v. Rodriguez*, 693 F. App'x 339, 340 (5th Cir. 2017).

Here, by contrast, the impending reargument in *Callais*—which, as Plaintiffs do not dispute, directly addresses the issues addressed by this Court's opinion—plainly warrants a pause in proceedings. The Court should follow Judge Dick's and Judge Smith's lead and so order abeyance.

*Second*, Plaintiffs complain that abeyance is unwarranted since Appellants did not request abeyance during the original *Callais* proceedings. Resp.3–4. That complaint is difficult to understand. *Callais* is an Equal Protection Clause case; this case—which arises under the Voting Rights Act (VRA)—is not. There was thus no obvious reason to ask this Court to pause proceedings. When the Supreme Court issued its reargument order on August 1, 2025, however, that order directly placed at issue the constitutionality of Section 2 of the VRA—an issue that *has* been briefed in this case. This Court issued its opinion 13 days later on August 14. Appellants filed their abeyance motion the very next day, August 15.[1] Appellants have not unduly delayed.

*Finally*, Plaintiffs complain that abeyance would "threaten" (not necessarily cause) their "ability to retain relief in advance of the next regularly scheduled state legislative elections." Resp.4–5. But two can play that game of "predictions and uncertainty." *Id.* at 5. For Plaintiffs are assuming that this lawsuit survives *Callais*. If, however, the Supreme Court decides in *Callais* that Section 2 is unconstitutional, then

---

[1] It is unclear what Plaintiffs mean in complaining that Appellants filed their abeyance motion "only as this case approached the deadline for rehearing *en banc*." Resp.4. Appellants filed their motion within about 24 hours of this Court's issuance of its opinion, 13 days ahead of the rehearing deadline.

the *lack of* abeyance would necessarily have caused (not just "threatened") the waste of the Court's and the parties' time and resources in rehearing proceedings before this Court—because this lawsuit will be over. In fact, even if the *Callais* Court does not rule Section 2 unconstitutional but alters its analytical framework, that will cause the same waste of time and resources because this Court and the parties would have proceeded under an outdated view of the law.

\*    \*    \*

Judge Dick and Judge Smith hold the right view on how to proceed here—abeyance is warranted.

Date: August 19, 2025

Respectfully submitted,

*/s/ J. Benjamin Aguiñaga*
ELIZABETH B. MURRILL
Attorney General of Louisiana

J. BENJAMIN AGUIÑAGA
Solicitor General

MORGAN BRUNGARD
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

*Counsel for the State of Louisiana, Phillip DeVillier, and Cameron Henry*

*/s/ Phillip J. Strach*
PHILLIP J. STRACH
ALYSSA M. RIGGINS
CASSIE A. HOLT
NELSON MULLINS RILEY
& SCARBOROUGH LLP
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
(919) 329-3800
phillip.strach@nelsonmullins.com

JOHN C. WALSH
JOHN C. CONINE, JR.
SHOWS, CALI & WALSH, L.L.P.
628 St. Louis St.
P.O. Box 4225
Baton Rouge, LA 70821

*Counsel for the Secretary of State*

## CERTIFICATE OF SERVICE

I certify that on August 19, 2025, I filed the foregoing with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

/s/ J. Benjamin Aguiñaga
J. BENJAMIN AGUIÑAGA

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this motion complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 735 words, excluding the parts of the brief exempted by Rule 32(f); and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016 (the same program used to calculate the word count).

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

Date: August 19, 2025

7